■ In the Matter of LESLIE CANTY, JR., Appellant, v GREER CHILDREN'S COMMUNITY et al., Respondents.—In an action to recover damages for personal injuries, plaintiff appeals from (1) an order of the Supreme Court, Dutchess County, dated May 27, 1975, which, *inter alia,* granted defendant's motion to dismiss the complaint and (2) a further order of the same court dated July 21, 1975, which denied his motion, *inter alia,* to set aside the prior decision of the court and for a new trial. Orders affirmed, without costs or disbursements. Plaintiff's injuries arose out of and in the course of his employment, and he so concedes. Hence, his cause of action in common-law negligence against the defendant employer is barred by section 10 of the Workmen's Compensation Law. Martuscello, Acting P. J., Latham, Cohalan, Rabin and Hawkins, JJ., concur.

■ In the Matter of OSMOND CLARK, Appellant, v MURRAY ROCKOWITZ, as Chairman of the New York City Board of Examiners, et al., Respondents. —In a proceeding pursuant to CPLR article 78 *inter alia* to review a determination of the respondent Board of Examiners which denied petitioner's application for a bilingual teacher-intern license, petitioner appeals from so much of a judgment of the Supreme Court, Kings County, dated January 30, 1976, as dismissed the petition. Judgment affirmed insofar as appealed from, without costs or disbursements. Petitioner applied for an intern license as part of the requirements for participation in the "Bilingual Teacher Intern Program". Petitioner did not attain eligibility for the license because he failed to pass the Board of Examiner's "Appraisal of Record". Under the circumstances, petitioner's interests were sufficiently tentative and contingent so as to defeat his claim that he should have been accorded all the safeguards of procedural due process (see *Board of Regents v Roth,* 408 US 564). The board's action herein is not subject to the kind of review associated with quasi-judicial actions; rather, the scope of review is the limited one appropriate to the review of purely administrative actions (see *Matter of Armere Holding Corp. v Bell,* 37 NY2d 925). On the record before us, the board's determination was not arbitrary and capricious. Cohalan, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.

■ In the Matter of COMMANDER ELECTRIC, INC., Respondent, v SAUL LERNER et al., Appellants.—In a proceeding to amend a notice of mechanic's lien, *nunc pro tunc,* by adding thereto the names of the true owners of the premises involved, the appeal is from an order of the Supreme Court, Suffolk County, dated September 12, 1975, which granted the application. Order affirmed, with $50 costs and disbursements. The notice of lien as filed was effective against the lessee named therein as the owner. Section 12-a (subd 2) of the Lien Law provides for an amendment, *nunc pro tunc,* to a valid notice of lien. The true owners cannot oppose the amendment upon the ground of prejudice because they do not fall within any category enumerated in the aforesaid section. Hopkins, Acting P. J., Margett, Damiani, Shapiro and Titone, JJ., concur.