■ In the Matter of CARBOLINE COMPANY, Respondent, v BURTON GOLD et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Kahn, J.), entered August 2, 1982 in Albany County, which granted petitioner's motion to amend its notice of mechanic's lien *nunc pro tunc* and denied respondents' cross motion to dismiss the lien. In January of 1982, petitioner provided $95,857.95 worth of roofing materials to a commercial job site in Latham, New York, for which it has not been paid. On April 30, 1982, petitioner filed a notice of mechanic's lien against the property improved by the unpaid materials. The owner named in the lien was "Shaker Nine Realty Corp.", the entity which signed the contract as owner for the purchased materials and which had paid real property taxes on the subject property for the past two decades. When it learned that the true owners of the property were Burton Gold, individually, and Samuel Carson and Harry Dean, doing business as Gibralter Sales Company, petitioner moved to amend its notice of mechanic's lien *nunc pro tunc* to reflect the true ownership. Respondents resisted the motion and cross-moved to dismiss the lien and strike it from the records maintained in the county clerk's office. Special Term, without opinion, granted petitioner's motion amending the lien and denied the cross motion. This appeal by respondents ensued. Undeniably, the owners of the property in question are Burton Gold, Samuel Carson and Harry Dean. The same three individuals also do business as Shaker Nine Realty Corporation. The misdescription of the true owners in the notice of mechanic's lien is the kind of failure which subdivision 7 of section 9 of the Lien Law is intended to protect. That provision states, in part, that "[a] failure to state the name of the true owner * * * or a misdescription of the true owner, shall not affect the validity of the lien". Next, subdivision 2 of section 12-a of the Lien Law provides that "[i]n a proper case, the court may, upon five days' notice to existing lienors, mortgagees and owner, make an order amending a notice of lien * * * nunc pro tunc. However, no amendment shall be granted to the prejudice of an *existing lienor, mortgagee or purchaser in good faith*" (emphasis added). The true owners in this case cannot oppose the amendment to the notice of mechanic's lien upon the ground of prejudice because they do not fall within any category enumerated in the aforesaid action (see *Matter of Commander Elec. v Lerner*, 54 AD2d 698). Order affirmed, with costs. Mahoney, P. J., Sweeney, Kane, Weiss and Levine, JJ., concur.