JAMES J. TOBIN, Respondent, *v.* JOSEPH P. HENNESSY, as Commissioner of Parks of the Borough of The Bronx, and Another, Appellants.

First Department, June 10, 1927.

Municipal corporations — parks — action to restrain commissioner of parks of borough of The Bronx from granting licenses under Greater New York Charter, § 610, for permanent use of park lands — licensees have erected substantial buildings under authority of licenses — use of land in said manner is diversion thereof from park use — plan for issuance of licenses suggested by Appellate Division — injunction pendente lite modified.

This is an action to restrain the use of park lands in the borough of The Bronx, city of New York, for permanent residences by licensees under licenses granted by the commissioner of parks. The licensees have erected substantial structures on the park lands and have even assumed to transfer their structures and licenses. This constitutes a diversion of the land from park purposes and must be restrained. No authority can be found in section 610 of the Greater New York Charter or the ordinances adopted pursuant thereto for the grant of permanent privileges and the use in connection therewith of structures permanent in character.

The Appellate Division suggests a plan under which licenses may be issued that will not violate the Greater New York Charter and the ordinances or divert the park lands from proper use.

The injunction *pendente lite* is modified by striking out the mandatory provisions for the removal forthwith of the structures now on the land and by giving the defendants the right to apply at Special Term for a modification of the order to the end that a plan may be adopted that will preserve the park character of the lands in question in accordance with law.

APPEAL by the defendants, Joseph P. Hennessy and another, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx

on the 13th day of May, 1927, granting plaintiff's motion for an injunction *pendente lite.*

*Vine H. Smith* of counsel [*George P. Nicholson, Corporation Counsel*], for the appellants.

*Sol. A. Hyman* of counsel [*Hyman & Hyman*, attorneys], for the respondent.

*Harry B. Chambers* of counsel for Orchard Beach Campers' Association, *amicus curiæ.*

PER CURIAM. The present system under which these park lands are operated clearly diverted them from a park use. Individuals were permitted to secure continuous tenure of plots of ground for years at a time, upon which substantial structures were erected and in fact permanently maintained. There has been open and notorious traffic in the purchase and sale of these sites with the accompanying permits. One licensee, at least, has assumed the right to sell his bungalow and its incidental privileges for as much as $1,100, and the transaction as proposed clearly contemplated, at least in so far as the original licensee is concerned, the transfer of permanent vested rights. It is proper, therefore, that an injunction should issue against these abuses.

Even the section of the Greater New York Charter, and the ordinances adopted pursuant thereto, relied upon by the defendants, and under which they claim to have acted (Greater N. Y. Charter, § 610, as amd. by Laws of 1913, chap. 333; Baldwin's New York Code of Ordinances, 1927, chap. 17, art. I, § 14-a; chap. 17, art IV, Camp Sites — Borough of The Bronx), do not contemplate the grant of permanent privileges and the use in connection therewith of structures in any sense permanent in character.·

We cannot say, however, as a matter of law, that the city should be restrained from issuing camping permits under such conditions as will preserve the park character of these lands and their general and impartial allocation to as many citizens as can fairly be permitted to enjoy them. The responsibility for devising such a plan rests in the first instance upon the administrative authorities and not upon the court. We do not here determine what it must be to conform with the law. It would seem that it should be predicated at least upon the following considerations:

(1) Purely temporary tenure instead of the issuance of a permit for the entire summer, the length of tenure to be reasonably determined by the city authorities in the light of the number of applicants who seek accommodation.

(2) A fair and impartial method of issuing these permits to citizens generally.

(3) Abolition of the feature by which those enjoying a permit one year are permitted to maintain their temporary structures upon the park lands' during the winter and re-entering upon them in the following summer.

(4) Compliance with the regulations of the health department.

(5) Rigorous and honest enforcement of the prohibition against traffic in these permits.

In view of the foregoing we are not in a position on the papers before us to modify the order appealed from in the respects indicated. However, since this is only a preliminary injunction, the order will be modified by striking therefrom the mandatory provisions for the removal forthwith of the present structures. It will also be modified by giving to the. defendants the right to apply at Special Term for a modification of the order so as to permit the adoption of a plan and practice that will preserve the park character of the lands in question in accordance with law.

The order should be modified as here indicated, and as so modified affirmed, without costs.

Present — DOWLING, P. J., FINCH, MARTIN, O'MALLEY and PROSKAUER, JJ.

Order modified as directed in opinion and as so modified affirmed, without costs.