JAMES J. TOBIN, Plaintiff, v. JOSEPH P. HENNESSY, as Commissioner of Parks of the Borough of The Bronx, and Others, Defendants.*

Supreme Court, Bronx County, July 28, 1927.

**Municipal corporations — parks — Local Law No. 10 of 1927, city of New York, authorizing commissioner of parks of borough of The Bronx to collect rentals for temporary use of Orchard Beach, unimproved part of Pelham Bay Park, is valid — New York Constitution, art. 12, § 3 (City Home Rule Amendment), City Home Rule Law, and Greater New York Charter, § 151, subd. 1, and § 616, construed and applied.**

Local Law No. 10 of 1927 of the city of New York, which authorizes the commissioner of parks of the borough of The Bronx to collect rental for the temporary use and occupation of the unimproved part of Pelham Bay Park known as Orchard Beach until such part shall be actually laid out and fitted for park uses, is a valid enactment under the City Home Rule Amendment (New York Const. art. 12, § 3) and the City Home Rule Law (Laws of 1924, chap. 363). Said local law is also authorized by subdivision 1 of section 151 of the Greater New York charter and section 616 thereof.

APPLICATION for injunction *pendente lite*.

*Hyman & Hyman* [*Sol. A. Hyman* of counsel], for the plaintiff.

*George P. Nicholson*, Corporation Counsel [*William E. C. Mayer*, Assistant Corporation Counsel, of counsel], for the defendant Joseph P. Hennessy.

*Harry B. Chambers*, for the defendants O'Dowd and Flynn.

GIBBS, J. Application by plaintiff for injunction *pendente lite* restraining the commissioner of parks of the borough of The Bronx from issuing any permits or licenses for the use of a portion of the property in Pelham Bay Park known as Orchard Beach for camping or residential purposes, and for an order declaring all licenses and permits heretofore issued for the use of any portion of such park void and illegal.

An application somewhat similar to the present application affecting the same property was determined in this court in May, 1927, in favor of the plaintiff. (129 Misc. 756.) An order was

---

* Affd., 223 App. Div. 10.

thereupon entered restraining the park commissioner from issuing any permit or license for the use of Orchard Beach for camping or residential purposes and directing the removal of the structures erected thereon and the cancellation of the licenses. On appeal, the Appellate Division modified the order by striking out the provisions requiring the removal of the structures erected on the property, and granted to the defendants the right to apply at Special Term for a modification of said order so as to permit the adoption of a plan whereby the use of the property might be enjoyed in a suitable and proper manner. (220 App. Div. 695.)

In May, 1927, the city of New York through its municipal assembly enacted a local law known as Local Law No. 10 of 1927. It provided, among other things, that the commissioner of parks of the borough of The Bronx is " authorized and empowered, under the direction of the comptroller, to collect rental for the temporary use and occupation of that part of Pelham Bay Park in the Borough of the Bronx known as Orchard Beach, between the present time and the time when the said Orchard Beach shall be actually laid out, regulated, beautified and utilized for the purposes of the park under an appropriation therefor made in pursuance of law." In conformance with this newly adopted law the park commissioner has issued numerous permits for the temporary use of camp sites at Orchard Beach.

The sole question to be determined on this motion is the validity of Local Law No. 10 of 1927. The Home Rule Amendment to the State Constitution permits every city to adopt and amend local laws not inconsistent with the Constitution and laws of the State relating to " the acquisition, care, management and use of its streets and property." (N. Y. State Const. art. XII, § 3.) The City Home Rule Law re-enacted the same provision. (Laws of 1924, chap. 363, § 11, constituting Cons. Laws, chap. 76.) There can be no question that Pelham Bay Park is a public park and owned by the city of New York. (Laws of 1884, chap. 522, as amd. by Laws of 1888, chap. 421). It is, however, in the main an unimproved park awaiting development. The power to collect rentals for the temporary use and occupation of public lands belonging to the city of New York has long been vested in that city. (Greater N. Y. Charter, § 151, subd. 1.) The park board, consisting of the park commissioners of the city of New York, is required to exercise the duties imposed upon the city of New York affecting the parks lying within the jurisdiction of the respective commissioners. (Greater N. Y. Charter, § 616.) Local Law No. 10 affects the management of the city parks. It directs the commissioner of parks of The Bronx to collect rental for the tem-

porary use and occupation of the property involved in this suit. It is a new method of procedure in the collection of rents for public property. While the cases cited by the corporation counsel have no direct bearing upon the issue before the court, these decisions indicate that the municipal assembly may legislate upon the management and maintenance of city property. (*Schieffelin* v. *Berry*, 217 App. Div. 451; affd., 243 N. Y. 603; *Browne* v. *City of New York*, 241 id. 96.)

The enactment of Local Law No. 10 of 1927 was an exercise of the powers vested in the municipal assembly. It is a law affecting the management and maintenance of the city parks, and in my opinion a proper exercise of authority granted to the municipal government by the Constitution of the State of New York and the Home Rule Act.

Application denied.