JAMES J. TOBIN, Appellant, *v.* JOSEPH P. HENNESSY, as Commissioner of Parks of the Borough of The Bronx, and Others, Respondents.*

First Department, March 2, 1928.

**Injunctions — second injunction pendente lite in same proceeding — plaintiff procured injunction pendente lite restraining granting of camping permits for Pelham Bay Park — injunction was modified following appeal and said order is in force — after passage of local law relating to camping at Orchard Beach in said park, present injunction was granted — error to grant present injunction.**

The present action was instituted to restrain the defendant from granting permits for camping in Pelham Bay Park and an injunction *pendente lite* was granted. That order was modified by the Appellate Division and acting upon suggestion made by that court, the lower court modified the original order to conform to the opinion of the Appellate Division. Said modified order is still in effect. Thereafter a local law was passed relating to camping at Orchard Beach in Pelham Bay Park. The present application was then made for an injunction *pendente lite.*

It was error for the court to grant the present injunction, since the prior order was still in effect and if the defendant is violating that order contempt proceedings may be instituted. The local law cannot be considered unless in contempt proceedings the defendant should rely thereon.

APPEAL by the plaintiff from an order of the Supreme Court, entered in the office of the clerk of the county of Bronx on the 1st day of August, 1927.

*Sol. A. Hyman* of counsel [*Hyman & Hyman,* attorneys], for the appellant.

*Vine H. Smith* of counsel [*W. E. C. Mayer* and *J. Joseph Lilly* with him on the brief, *George P. Nicholson, Corporation Counsel*], for the respondents Joseph P. Hennessy, as Commissioner of Parks, etc., and The City of New York.

*Harry B. Chambers,* for the respondents Thomas O'Dowd and James J. Flynn.

---

* Affg. 130 Misc. 226.— [REP.

McAvoy, J.   Plaintiff has applied anew for an injunction *pendente lite* notwithstanding the fact that one such injunction was made at Special Term in accordance with the opinion of this court on a previous appeal (220 App. Div. 695), as the result of plaintiff's former application, and is still in force.   In April, 1927, the plaintiff began this taxpayer's action to restrain the defendant park commissioner and the city of New York from permitting any camping whatever in Pelham Bay Park.   Plaintiff at the same time moved for an injunction *pendente lite.*   The Special Term granted the motion and not only enjoined future camping permits in that park but also included in the preliminary injunction order a mandatory provision for the removal forthwith of all camps and camp equipment from the park.   Upon appeal, this court struck out such mandatory provision and indicated the changes which appeared requisite in the administration of camps and the issuance of permits therefor in that park.   The court in its opinion indicated that the changes suggested were not absolute but were specified for the guidance of the Special Term and of the parties upon an application, which defendants were expressly permitted to make, for modification of the injunction order's provisions.   Defendants made such an application at Special Term and the original order was modified in accordance with the suggestions of this court, by order made June 23, 1927.   The latter order still is extant and enforcible. On June 29, 1927, six days after this order was entered, a local law was passed by the municipal assembly and approved by the mayor, relating to the collection of rentals " for the temporary use and occupation of that part of Pelham Bay Park in the Borough of The Bronx known as Orchard Beach " until such time as Orchard Beach shall be actually laid out and improved.   (See New York Local Laws of 1927, No. 10, adding to Greater New York Charter [Laws of 1901, chap. 466], § 612-e.)   Plaintiff's counsel then moved by order to show cause for substantially the same relief as he sought on his original application.   He prays for an order " enjoining and restraining the defendants   *   *   *   from issuing any permits, licenses or permission to use any of the property or portion of Orchard Beach in Pelham Bay Park for camping, residential or other purposes set forth in the annexed affidavits," and that " each, all or every permit or license that may have been heretofore issued   *   *   *   be declared illegal and void," and " to forthwith remove and order to vacate immediately each and every person occupying any building, structure, camp or other portion (*sic*) in said Pelham Bay Park."

The moving affidavit states " that the defendants above named have ignored the provisions of the injunction order and the modified

injunction order." This statement is denied. Deponent also says the defendants " intend to act under such ordinance," meaning the local law. The moving affidavit further states: " This trial cannot come up until October, 1927." Plaintiff on the present application failed to show that defendants had done or were doing anything contrary to the Special Term order of June 23, 1927, which was based on the opinion and order of this court. The Special Term, however, entertained the motion for the purpose of considering the validity of the local law relating to the Orchard Beach camp sites. The court held that this local enactment was clearly valid, and, accordingly, denied plaintiff's motion.

We do not rule on the validity of this local law because its effect and extent do not now arise. It is obvious, however, that plaintiff cannot have another enjoining order in the same action as that in which he has already obtained one under the direction of this court's opinion. If defendants are violating any provisions of the order of June 23, 1927, they may be proceeded against as for a contempt for their disobedience. If they fly for refuge to the local law as absolving them from compliance with the court order the validity of that enactment may then be germane to the ruling.

The order denying the motion should be affirmed, with ten dollars costs and disbursements.

DOWLING, P. J., FINCH, MARTIN and O'MALLEY, JJ., concur.

Order affirmed, with ten dollars costs and disbursements.