■ GEORGE STEPHENSON et al., Appellants, v. COUNTY OF MONROE et al., Respondents.— Order unanimously reversed, on the law, with costs and summary judgment granted in favor of plaintiffs. Memorandum: Plaintiffs appeal from an order of the Supreme Court, Monroe County, denying their motion for summary judgment and a preliminary injunction in a taxpayers' suit, brought pursuant to section 51 of the General Municipal Law, seeking to prevent the County of Monroe from establishing a sanitary landfill within Black Creek Park in the Towns of Chili and Riga. Plaintiffs, by their complaint and affidavits in support of their motion for summary judgment, aver that the area known as Black Creek Park is a public park owned by the county and that the county has at all times intended to use the area solely as a public park and has irrevocably dedicated it for that purpose. They also aver that, based upon the report of an engineering consultant firm, the county, contrary to law, has approved the use of a portion of the park as a sanitary landfill, ostensibly for the purpose of converting the landfill area into a ski slope some five years hence. Affidavits submitted by the county in support of its cross motion to dismiss plaintiffs' complaint merely tend to justify use of the park as a landfill area on an engineering and environmental basis. No fact is set forth therein in contradiction of the material allegations of the complaint and, therefore, the affidavits are insufficient to defeat plaintiffs' motion for summary judgment (*Shapiro* v. *Health Ins. Plan of Greater N. Y.*, 7 N Y 2d 56; *O'Meara Co.* v. *National Park Bank of N. Y.*, 239 N. Y. 386; *General Inv. Co.* v. *Interborough R. T. Co.*, 235 N. Y. 133; CPLR 3212, subd. [b]). Park areas in New York are impressed with a public trust and their use for other than park purposes requires the direct and specific approval of the State Legislature, plainly conferred (*Williams* v. *Gallatin*, 229 N. Y. 248; *Brooklyn Park Comrs.* v. *Armstrong*, 45 N. Y. 234; *Aldrich* v. *City of New York*, 208 Misc. 930, affd. 2 A D 2d 760; *American Dock Co.* v. *City of New York*, 174 Misc. 813, affd. 261 App. Div. 1063, affd. 286 N. Y. 658). (See, also, *Miller* v. *City of New York*, 15 N Y 2d 34; *Incorporated Vil. of Lloyd Harbor* v. *Town of Huntington*, 4 N Y 2d 182.) Since the county has failed to show that such approval has been obtained, the sole question presented on this motion is whether the disposal of refuse in a park is an activity consistent with park purposes so as to obviate the need for legislative sanction. We are convinced that it is not (*Village of Croton-On-Hudson* v. *County of Westchester*, 38 A D 2d 979, affd. 30 N Y 2d 959) and the mere speculation that one day people might ski down a mountain of garbage does not make it so. (Appeal from order of Monroe Special Term in action to declare use of park as landfill to be illegal.) Present — Goldman, P. J., Del Vecchio, Marsh, Moule and Simons, JJ.