■ ALBERT GEWIRTZ et al., Respondents, v. CITY OF LONG BEACH, Appellant, et al., Defendant.— Judgment of the Supreme Court, Nassau County, dated May 17, 1972, affirmed, with costs, on the opinion of the Justice at Special Term. Hopkins, Acting P. J., Martuscello, Latham, Christ and Munder, JJ., concur. [69 Misc 2d 763.]

■ ITALIAN COLONY RESTAURANT, INC., et al., Respondents, v. MICHAEL WERSHALS et al., Defendants, and EDWARD SCHWATT, Doing Business as ATLANTIC ASSOCIATES Co., Defendant and Third-Party Plaintiff-Appellant; et al., Third-Party Defendant.— In an action by lessees to recover damages *inter alia* for destruction of part of the leased premises, defendant and third-party plaintiff Edward Schwatt, doing business as Atlantic Associates Co., appeals from an order of the Supreme Court, Nassau County, dated July 16, 1973, which, after a hearing, granted plaintiffs' motion to dismiss said defendant's affirmative defense of lack of personal jurisdiction. Order reversed, on the law, with costs, plaintiffs' motion denied and judgment directed to be entered in favor of said defendant, dismissing the complaint. There was no valid personal service upon appellant, Edward Schwatt, Doing Business as Atlantic Associates Co., a partnership. The summons was merely left with a secretary, who was not a partnership employee, in the absence of partner Schwatt, and later turned over to him (*McDonald* v. *Ames Supply Co.*, 22 N Y 2d 111). Nor do we believe that appellant waived this jurisdictional defect, raised in his answer, by commencing a third-party action. The third-party complaint alleges, in substance, that if plaintiffs obtain a judgment against the third-party plaintiff, the latter is entitled to judgment over and against the third-party defendant by reason of the latter's active negligence and a contract of indemnity. A defendant should be permitted to assume that, if jurisdiction is sustained, the litigation will dispose of all aspects of the controversy. To this end, he should be permitted to interpose any related counterclaim, cross claim or even third-party claim without thereby waiving his jurisdictional objection. It is surely the better practice to raise and resolve such jurisdictional objections by way of a motion under CPLR 3211 (subd. [a], par. 8). However, to force a defendant, wishing to assert a third-party claim and properly raising the jurisdictional objection in his answer (CPLR 320, subd. [b]), to first resolve this issue by himself bringing on an appropriate motion would nullify his very right to proceed by way of answer instead of motion (see Practice Commentary by Professor David D. Siegel, McKinney's Cons. Laws of N. Y. Book 7B, CPLR 3211, p. 64; *Katz & Son Billiard Prods.* v. *Correale & Sons*, 26 A D 2d 52, affd. 20 N Y 2d 903). Hopkins, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.