Memorandum. Order of the Appellate Division reversed, with costs, and the petition dismissed.
Petitioner, designated a tentative sponsor of an urban renewal project, is not entitled, as a matter of constitutional due process, to an evidentiary hearing, findings of fact, and reasons for the determination before withdrawal of that designation. To be sure, if threatened governmental action involves a deprivation of a vital personal or economic right, due process would require notice and an opportunity to be heard (see, e.g., Sniadach v Family Finance Corp., 395 US 337, 341-342; Slochower v Board of Educ., 350 US 551, 559; Escalera v New York City Housing Auth., 425 F2d 853, 861, cert den 400 US 853). In the instant case, however, the very tentative and contingent nature of petitioner’s beneficial interest in purchasing the property and developing the project belies any claim of deprivation of such an important right (cf. Board of Regents v Roth, 408 US 564, 577-578). As the Supreme Court stated in Board of Regents v Roth (408 US 564, 570, supra), "the range of interests protected by procedural due process is not infinite”.
*927 This is not to say, however, that petitioner may be subjected to arbitrary action by the commissioner. Petitioner, as the direct subject of administrative action, is entitled to the "assurance, implemented by the right to a hearing which need consist of no more than an opportunity to deny or explain, that the [commissioner] has not acted arbitrarily or capriciously” (Matter of Fuller v Urstadt, 28 NY2d 315, 318). Petitioner was given ample notice and opportunity to explain the internal conflicts, about which there is no dispute, which produced the dissatisfaction of the commissioner and the eventual withdrawal of its tentative sponsorship. That is all petitioner, as only a tentatively designated sponsor, was entitled to receive. This means that the commissioner’s action is not subject to the kind of review associated with quasi-judicial action; rather, the scope of review is the limited one appropriate to the review of purely administrative action (Matter of Fuller v Urstadt, 28 NY2d 315, 318, supra; Matter of Colton v Berman, 21 NY2d 322, 329).
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Cooke concur in a memorandum.
Order reversed, etc.