■ OUR CHILDREN'S DAY CARE CENTER et al., Appellants, v BETTI WHALEY, as Commissioner of the Agency for Child Development, et al., Respondents.—In a proceeding pursuant to CPLR article 78 to enjoin respondents "from defunding" the petitioner day care center, petitioners appeal from a judgment of the Supreme Court, Kings County, entered January 16, 1976, which denied the application and dismissed the petition. Judgment affirmed, without costs or disbursements. The petitioner day care center, a not-for-profit corporation, provided a day care program for 54 children of students enrolled in New York City Community College. The physical premises and all utilities employed by the day care center were furnished, without charge, by the college. The respondent agency has funded the center since 1973 in order to enable it to render its day care services. On November 1, 1975, the respondent agency was notified that, due to New York City's fiscal crisis, its budget would be reduced by $29,000,000. Thereafter, on November 24, 1975, the plaintiff center was informed by the respondent agency that the funding of its day care program would be terminated as of December 31, 1975. The funding was later extended to January 21, 1976. Petitioners requested a hearing to review the reasons for the closing of the center and, on December 1, 1975, an informal meeting was held, which was attended by trustees of the center and officials of the respondent agency. The petitioners were told at that meeting that the decision to withdraw city funds from the center was irrevocable. In this proceeding the petitioners seek a "limited hearing" to demonstrate that there was no rational basis for the agency's action (see *Matter of Armere Holding Corp. v Bell,* 37 NY2d 925; *Matter of Fuller v Urstadt,* 28 NY2d 315). On the record before us, petitioners have failed to show in what way any of their constitutionally protected rights have been impaired or invaded by the governmental action exercised herein. In the absence of such a showing, they are not entitled to a formal hearing (see *Matter of Armere Holding Corp. v Bell, supra).* In this regard, we note that the children were to be transferred to other day care facilities and that the real parties in interest, the parents of those children, have apparently chosen not to be parties to this proceeding. Under these circumstances, the judgment should be affirmed. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Shapiro, JJ., concur.