HON. DON B. IWANICKI County Attorney, Genesee County
This is in response to your letter requesting the opinion of the Attorney General with respect to a parcel of real property owned by the County of Genesee. You state that this particular piece of County-owned land is swampy and has never been put to any specific use and is now vacant. The County wishes to gratuitously transfer this land to the town within which it is located for use as a town recreation park. You inquire whether section 215 of the County Law, providing that county-owned property no longer necessary for public use may be transferred only to the highest responsible bidder after public advertisement, would prevent such a transfer.
The provisions of section 215 of the County Law which are applicable to this inquiry are as follows:
"§ 215. County property; general provisions
* * *
 "5. When the board of supervisors shall determine that any county real property is no longer necessary for public use such board by resolution * * * may sell and convey all the right, title and interest of the county therein.
 "6. Such property may be sold only to the highest responsible bidder after public advertisement."
Section 72-h of the General Municipal Law reads, in pertinent part, as follows:
 "(a) Notwithstanding any provision of any general, special or local law or of any charter, the supervisors of a county, the town board of a town, the board of trustees of a village, the board of fire commissioners of a fire district and the board of estimate of a city, or if there be none the local legislative body of such city, may sell, transfer or lease to or exchange with any municipal corporation or municipal corporations, school district, board of cooperative educational services, fire district, the state of New York, or the government of the United States and any agency or department thereof, either without consideration or for such consideration and upon such terms and conditions as shall be approved by such body, any real property owned by such county, town, village, fire district or city * * *. (Emphasis supplied.)
 "(b) The provisions of this section shall not apply to any real property which is made inalienable under the provisions of any general, special or local law or of any charter."
The words "Notwithstanding any provision of any general, special or local law" indicate that section 72-h would supersede any contrary provisions of the County Law applicable to a transfer of land authorized under section 72-h.
The term "municipal corporation" as used in the above section includes a town. (General Municipal Law, § 2.) Prior to 1972, section 72-h permitted a transfer only for a valuable consideration. However, chapter 406 of the Laws of 1972, effective May 22, 1972, amended section 72-h(a) to provide that a transfer of land authorized therein could be "without consideration" if the transferor so wished. The legislative memorandum submitted in support of the bill by the Office for Local Government indicates that the bill's intention was to permit municipalities to transwer real property to other municipalities without consideration. (1972 New York State Legislative Annual, p. 169, a copy enclosed.)
A gift of public money or property from a county to another public corporation for a public purpose is not prohibited by Article VIII, section 1 of the New York State Constitution. (SeeWestern New York Water Company v. Erie County WaterAuthority, 305 N.Y. 758; Comereski v. City of Elmira,308 N.Y. 248.)
It should be noted that the provisions of section 72-h do not apply to real property which is made inalienable under any general, special or local law or charter. Real property devoted to use as a public park could not, therefore, be transferred under section 72-h. (Gerwirtz v. City of Long Beach,69 Misc.2d 763, affd. 45 A.D.2d 841.) However, the facts as you describe them indicate that the land in question has not been dedicated by Genesee County to park use, and that it has otherwise not been made inalienable by any provision of law.
We conclude, therefore, that the County of Genesee is authorized to transfer a parcel of real property owned by the County to a town within the County without consideration for such transfer, provided that the property has not been made inalienable by any other provision of a general, special or local law.