VILLAGE GREEN REALTY CORP., Plaintiff, v GLEN COVE
COMMUNITY DEVELOPMENT AGENCY, Defendant.

Second Department, August 15, 1983

### APPEARANCES OF COUNSEL

*Binder, Permut, Mishkin, Stangler, Strear & Boyle (Michael Permut* and *Stanley Mishkin* of counsel), for plaintiff.

*Leslie Plump* for defendant.

### OPINION OF THE COURT

*Per Curiam.*

The question presented is whether a municipality may convey valid and legal title to waterfront and parkland property to an urban renewal agency, pursuant to an urban renewal plan, without the necessity of obtaining legislative approval.

Defendant, an urban renewal agency, acquired title to the subject premises from the City of Glen Cove, pursuant to an urban renewal plan, by two separate deeds dated April 12, 1977 and September 16, 1981, respectively. No legislative authorization was obtained for these conveyances. The property in question abuts the city's waterfront and may be designated as a park.

Prior to submitting the controversy to this court, defendant requested and obtained an opinion on this issue from

the office of the State Comptroller (1982 Opns St Comp No. 82-279, p). In said opinion, the State Comptroller stated that the City of Glen Cove was authorized, pursuant to subdivision 4 of section 503-a of the General Municipal Law, to convey valid and legal title to the subject property to defendant without the approval of the Legislature. We agree.

Subdivision 2 of section 20 of the General City Law provides, *inter alia,* that a city's title to and in its waterfront and parkland property is inalienable except as otherwise provided in subdivision 7 of that section. Subdivision 7 empowers a municipality, *inter alia,* to "lay out, establish, construct, maintain and operate markets, parks, playgrounds and public places, and upon the discontinuance thereof to sell and convey the same". It has been held that the term "discontinuance" in subdivision 7 does not refer to parks, which remain inalienable pursuant to subdivision 2 of section 20 of the General City Law (see *Matter of Central Parkway,* 140 Misc 727, 729-730). Accordingly, a "public trust" is impressed upon waterfront and parkland property when a municipality acquires title thereto and said title may not be divested or alienated without a special act of the Legislature (*Aldrich v City of New York,* 208 Misc 930, affd 2 AD2d 760; *Brooklyn Park Comrs. v Armstrong,* 45 NY 234; *Matter of Central Parkway, supra).*

Section 507 and subdivision 4 of section 503-a of the General Municipal Law authorize a municipality to convey title to real property in furtherance of an urban renewal program. In *Fisher v Becker* (32 AD2d 786, affd 26 NY2d 938), it was determined that a village could convey a parking lot for urban renewal purposes pursuant to section 507 of the General Municipal Law, even though former section 311 of the Village Law only authorized the sale of real property which was not in actual use by the village. This court's decision in *Fisher* (*supra,* pp 786-787) provided, *inter alia:* "In our opinion, the public purpose of the entire urban renewal concept encompassed in article 15 of the General Municipal Law, and its implementation in furtherance of the overall public interest of a particular community affected by a plan adopted pursuant thereto, must be deemed to transcend the comparatively limited

public purpose served by the use of any parcel acquired as part of a business complex of that community before this comprehensive renewal concept was conceived or legislated into existence. In that perspective, we construe the statute as constituting the requisite State legislation to vest in the municipality the authority, *inter alia,* to sell real property theretofore acquired by it for a public purpose and still in use as such. Accordingly, to the extent that such authorization may be considered as conflicting with any proscription contained in any local law such as section 311 of the Village Law, it is superseding and controlling (General Municipal Law, § 507, subd. 2; § 520)."

The authority for the conveyances at bar is derived from subdivision 4 of section 503-a of the General Municipal Law, which empowers a municipality, *inter alia,* to convey title to its real property to an urban renewal agency in furtherance of an urban renewal program. In accordance with *Fisher (supra)*, we determine that to the extent subdivision 4 of section 503-a of the General Municipal Law conflicts with subdivision 2 of section 20 of the General City Law, it is superseding and controlling (see General Municipal Law, § 520).

GULOTTA, J. P., O'CONNOR, WEINSTEIN and BRACKEN, JJ., concur.

In an action commenced pursuant to CPLR 3222, judgment is directed declaring that a special act of the Legislature was not required to authorize the conveyances of the subject property by the City of Glen Cove to defendant and that defendant acquired valid and legal title to the subject property. No costs are awarded.