■ In the Matter of GARY L. ACKERMAN et al., Appellants, v NORMAN STEISEL, as Sanitation Commissioner of the City of New York, et al., Respondents. — In a proceeding pursuant to CPLR article 78 to compel the removal from Cunningham Park of all trucks, equipment and other materials and physical improvements, including fences and buildings, under the jurisdiction and control of the New York City Departments of Sanitation and Transportation, petitioners appeal from a judgment of the Supreme Court, Queens County (Buschmann, J.), dated June 15, 1983, which dismissed the proceeding.

Judgment reversed, on the law, with costs, petition granted, and the respondents are directed to remove the subject items from Cunningham Park within 90 days of service upon them of a copy of the order to be made hereon, with notice of entry.

Respondents are the Commissioners of the Departments of Sanitation, Parks and Transportation (Highways) of the City of New York. With the acquiescence of the Commissioner of Parks, both the Sanitation and Highways Departments have stored approximately 100 vehicles, including snow removal equipment, and have erected temporary structures on a parcel of land purchased in 1930 for park purposes, and included within the mapped areas of Cunningham Park.

The Department of Highways has used a portion of the park for its "Hollis Yard" facility for a period of over 25 years. The Department of Sanitation has used an adjacent portion of its "Garage 11A" facility since 1970. Respondents have not been authorized by the State Legislature either to demap the parcel as parkland, or to use it for other than park purposes.

In 1978, a proceeding was instituted in Queens County to enjoin respondents from using Cunningham Park for other than park purposes. The petition was dismissed, and the determination was not appealed (*Matter of Richard v City of New York,* Supreme Ct, Queens County, Feb. 22, 1979, Calabretta, J.).

In 1979, petitioners herein instituted a proceeding seeking the identical relief. Special Term refused to overrule a court of coordinate jurisdiction, declined to address the issue of respondents' alleged unlawful encroachment upon Cunningham Park, and dismissed the petition. However, recognizing the continuing nature of the situation sought to be enjoined, the dismissal was "without prejudice to petitioners' right to bring a new action

upon a proper showing of changed circumstances. Since respondent[s] allege[d] that the use of the parkland [was] 'temporary', such changed circumstances shall include the inordinate passage of time" (*Matter of Ackerman v Steisel,* Supreme Ct, New York County, April 10, 1980, Stadtmauer, J., affd 83 AD2d 797, hereinafter referred to as *Ackerman I*).

In the instant proceeding, Special Term dismissed the petition for failure to make the required showing of changed circumstances.

Dedicated park areas in New York are impressed with a public trust and their use for other than park purposes, either for a period of years or permanently, requires the direct and specific approval of the State Legislature, plainly conferred (*Williams v Gallatin,* 229 NY 248; *Gewirtz v City of Long Beach,* 69 Misc 2d 763, affd 45 AD2d 841; *Stephenson v County of Monroe,* 43 AD2d 897; *Aldrich v City of New York,* 208 Misc 930, affd 2 AD2d 760; *Tobin v Hennessy,* 220 App Div 695). The purchase of the subject parcel for "park purposes" and its inclusion in the record map of Cunningham Park "manifested unequivocally an intention to dedicate the municipally-owned property to public use as a public park" (*Gewirtz v City of Long Beach, supra,* p 770; 11 McQuillin, Municipal Corporations [3d ed], §§ 33.46, 33.48).

If the proceeding before us were the first such proceeding against the Highways and Sanitation Departments, we would not hesitate to reject their argument that their occupancy of Cunningham Park is "temporary", and therefore not subject to the public trust doctrine. A period of over 25 years and 14 years, respectively, can hardly be characterized as "temporary", nor are such "temporary" encroachments upon parkland exempt from the public trust doctrine. Indeed, a 10-year lease of parkland for nonpark purposes was prohibited under the public trust doctrine in *Williams v Gallatin* (229 NY 248, *supra*).

Because this is not the first proceeding between petitioners and respondents concerning "Hollis Yard" and "Garage 11A", it is urged that we are foreclosed by the determination in *Ackerman I*. Although it is not at all clear that issue or claim preclusion is applicable (see *Murphy v Erie County,* 28 NY2d 80, 85-86; Restatement, Judgments 2d, § 26 [1] [b]; § 28 [2], [5]), addressing the issue as posed in *Ackerman I* we find the passage of six years "inordinate" and standing alone, sufficient to constitute changed circumstances. In addition, the Department of Sanitation has erected a "tent" to accommodate sanitation workers while they place snow plows upon sanitation vehicles during the winter months.

While we find that respondents' efforts to locate new sites for "Hollis Yard" and "Garage 11A" are in good faith, delay occasioned by community opposition to proposed sites cannot stand as justification for remaining unlawfully in parkland protected by the public trust. Accordingly, we reverse, grant the petition, and direct the removal from Cunningham Park of all trucks, equipment and other materials and physical improvements, including fences and buildings, under the control of the New York City Departments of Sanitation and Transportation within 90 days of service upon the respondents of a copy of the order to be made hereon, with notice of entry. Titone, J. P., Bracken, Niehoff and Rubin, JJ., concur.