■ SIERRA CLUB et al., Appellants, v BOARD OF EDUCATION OF THE CITY OF BUFFALO et al., Respondents.—Judgment affirmed without costs. Memorandum: Martin Luther King, Jr. Park, a part of the Olmsted Park System in Buffalo, is listed on the National Register of Historic Places. In 1983, the City Board of Education selected a portion of the park adjacent to the Buffalo Museum of Science as the site for its science magnet school and in 1985, the State Department of Education approved the proposed site. Petitioners now appeal from the dismissal of this CPLR article 78 proceeding to annul the approval and enjoin construction of the school claiming that there was no statutory authority for the alienation of park lands and that respondents failed to comply with the requirements of PRHPL 14.09.

In 1916, the State Legislature amended the Buffalo City Charter specifically to empower the city to discontinue its parks and other stated improvements (L 1916, ch 260). We cannot conclude, as does the dissent, that in conferring the power of discontinuance, the Legislature intended this amendment to have no effect (see, McKinney's Cons Laws of NY, Book 1, Statutes §§ 144, 145). The 1916 special act unambiguously sanctions the city's discontinuance of park lands held in

public trust *(see, Village Green Realty Corp. v Glen Cove Community Dev. Agency,* 95 AD2d 259, 261; *Gewirtz v City of Long Beach,* 69 Misc 2d 763, 776, *affd* 45 AD2d 841, *lv denied* 35 NY2d 644; *Aldrich v City of New York,* 208 Misc 930, 939-942, *affd* 2 AD2d 760; *see also,* 10 [rev] McQuillin, Municipal Corporations § 28.38 [3d ed 1981]) and is ample authority for the city's approval of use of its park lands for a public school. Subsequent legislation authorizing the construction and maintenance of the Buffalo Museum of Science and approving its use and occupation by the Buffalo Society of Natural Science does not indicate that the city lacked the power to discontinue park lands. In 1922 the Legislature amended the Buffalo City Charter by adding a new section, 5-a, to provide in part: "The council of the city of Buffalo shall have discretionary authority to provide a site and furnish money for the construction and equipment in whole or in part, of a building for the use and occupation of the Buffalo Society of Natural Sciences. Such site may be provided either by setting apart for such purpose land owned or acquired by such city for park or playground purposes, or by purchasing or otherwise acquiring land or property not previously devoted to a public use" (L 1922, ch 524).

The purpose of this legislation was to empower the city to provide a site and public funds for the construction and financing of a museum to be occupied and operated by a *private* organization. There is no basis to conclude that the city requested this amendment for the reason that it required approval to discontinue park lands. The 1928 enactment (L 1928, ch 530) merely approved use of city funds for support of the Society and maintenance of the museum. It did not authorize or approve discontinuance of park lands.

In selecting and approving the park as a site for the school, respondents fully complied with the mandates of PRHPL 14.09. All feasible and prudent alternatives were explored, and proposals for avoiding or mitigating adverse impacts upon this historic site were considered. The Office of Parks, Recreation and Historic Preservation (OPR) was consulted in the early stages of project development. OPR fully reviewed the proposed plan as well as draft and final environmental impact statements. It suggested several alternative and mitigating factors, all of which were considered. Nearly all of the suggested proposals for mitigating adverse impacts were adopted as part of the plan. Ultimately OPR concluded that locating the school next to the museum was necessary for the programmatic educational needs of the students. There is no require-

ment that respondents do everything possible to preserve the historic site. The statute requires consideration of feasible and prudent alternatives and mitigation of adverse impacts to the fullest extent practicable *(Matter of Ebert v New York State Off. of Parks, Recreation & Historic Preservation,* 119 AD2d 62, 66, *lv denied* 68 NY2d 612). That duty was met here, and this record fails to suggest that the determination of OPR or the State Education Department was irrational.

Petitioners' claim that an evidentiary hearing was necessary lacks merit. Whether legislation grants certain powers is a question of law, not of fact, and the uncontroverted facts in the record clearly supported the court's determination that respondents complied with PRHPL 14.09.

All concur, except Lawton, J., who dissents and votes to reverse and grant the petition, in accordance with the following memorandum.

Lawton, J. (dissenting). I dissent. Since this park property is impressed with a public trust its "use for other than park purposes requires the direct and specific approval of the State Legislature, plainly conferred". *(Stephenson v County of Monroe,* 43 AD2d 897.) The majority finds such specific authority in Laws of 1916 (ch 260, § 1), wherein the Buffalo City Charter, as part of a general revision, was amended in part to authorize the city to "discontinue streets, alleys and highways, parks, markets". However, this amendment did not modify the charter's specific limitation that the city's authority over its parks was "except as otherwise provided by law". Subdivision (2) of section 20 of the General City Law provides that the city's title to its parks is inalienable. Buffalo's authority to discontinue its parks is, therefore, limited by the provisions of the General City Law and its use of this property for other than park purposes requires a special act of the Legislature *(see, Village Green Realty Corp. v Glen Cove Community Dev. Agency,* 95 AD2d 259, 260). Indeed, the City of Buffalo has previously sought and obtained such specific Legislative authority prior to alienating a part of this very same park property *(see,* L 1922, ch 524).

No plainly conferred specific approval for such alienation being provided by Laws of 1916 (ch 260), Buffalo's action in discontinuing its park without prior legislative approval is an unauthorized violation of the sanctity of this long-recognized public trust *(see, Williams v Gallatin,* 229 NY 248; *Brooklyn Park Commrs. v Armstrong,* 45 NY2d 234; *Aldrich v City of New York,* 208 Misc 930, *affd* 2 AD2d 760; *American Dock Co. v City of New York,* 174 Misc 813, *affd* 261 App Div 1063, *affd*

286 NY 658). (Appeal from judgment of Supreme Court, Erie County, Wolf, J.—art 78.) Present—Denman, J. P., Boomer, Balio, Lawton and Davis, JJ.