Martin Bradley Ashare, Esq. County Attorney, Suffolk
I am writing in response to a request from your office for an Attorney General's opinion as to what means a municipality can use to correct an erroneous resolution which purports to dedicate certain property for park and recreational purposes. As stated in your letter, from time to time a specific piece of property, either through misidentification of tax map number or ministerial error, is erroneously dedicated to the County Nature Preserve rather than to the intended use. In these cases, there is no purposeful intent to place the property in public trust. In this particular case, property was erroneously placed in the County Nature Preserve through improper interpolation of tax map numbers.
It is well established that a municipality may not convey real property which has been dedicated to "park or recreational purposes" without specific State legislative authority (Miller v City of New York,15 N.Y.2d 34, 37 [1964]; Brooklyn Park Commissioners v Armstrong,45 N.Y. 234, 243 [1871]; 1981 Op Atty Gen [Inf] 242). Such land is held in public trust and may not be diverted to other uses or sold without such authorization (ibid.).
Land can become dedicated to park purposes through specific provision in the deed, trust or other instrument transferring the land to the municipality (1984 Op Atty Gen [Inf] 93; 1981 Op Atty Gen [Inf] 242). In order for land to become so dedicated there must be an offer by an owner, either express or implied, to appropriate land to the public use, and an acceptance, either express or implied, of that offer by the municipality (Gewirtz v City of Long Beach, 69 Misc.2d 763 [Sup Ct, Nassau Co, 1972], affd 45 A.D.2d 841 [2d Dept], mot for lv to app den35 N.Y.2d 644 [1974]). In addition, a municipality may itself dedicate land for park purposes and land may become dedicated for park purposes through usage (1981 Op Atty Gen [Inf] 242). The question of whether a dedication has been established in a particular case is a factual question of intent dependent upon all of the circumstances (People vBrooklyn Queens Transit Corp., 273 N.Y. 394, 401 [1937]).
Although the resolution of factual matters is beyond the scope of this opinion, we can provide some general guidelines. In the scenario described in your letter, there has been no offer or acceptance of property for use as a public park; rather, the property tax map number was mistakenly included among those parcels being dedicated for public use. You indicate there was no intent to dedicate the property for public use. Under these circumstances, it would be appropriate to correct the error by county resolution. In our view, resort to State legislation is not necessary inasmuch as there never was any valid dedication due to the lack of intent.
We conclude that municipal dedications of property to the public use may be amended for typographical or other ministerial errors by means of resolution by the local governing board.