■ GERALD H. GRAYSON, Appellant, v TOWN OF HUNTINGTON et al., Respondents.—In an action, *inter alia,* for a judgment declaring that the defendants may not alienate a certain parcel of real property owned by the Town of Huntington without the approval of the Legislature of the State of New York, the plaintiff appeals from a judgment of the Supreme Court, Suffolk County (Gowan, J.), dated October 2, 1989, which granted the defendants' motion for summary judgment, declared that the approval of the New York State Legislature was not required to convey the property for use as a low-income public housing development by the defendant Huntington Housing Authority and denied his cross motion to amend the complaint.

Ordered that the judgment is affirmed, with one bill of costs to the respondents appearing separately and filing separate briefs.

On July 25, 1984, the defendant Huntington Housing Authority applied to the United States Department of Housing and Urban Development (hereinafter HUD) for funding to construct 75 units of low-income housing. On January 8, 1985, HUD approved the application to the extent of reserving $2,760,000 for the construction of 50 units. After conducting an extensive search of the Huntington area, the Housing Authority selected an 11.6-acre parcel located at the intersection of Colonial Springs Road and Pinelawn Road in Melville as the proposed development site. The proposed parcel had been acquired by the Trustees of the Town of Huntington by unrestricted Indian deed dated December 16, 1699, but has never been developed by the town, and is used only for drainage purposes. Although it appears that the parcel has never been formally dedicated as a park or used for recreational purposes, it is designated as "park site" on a card in the Huntington Town Assessor's files, and the parcel is depicted on several area maps as "Lower Melville Park".

In May 1987 while an application to rezone the subject parcel from R-40 (one-acre residential) to R-3M (multifamily) use was pending, the plaintiff Gerald Grayson commenced this action seeking a judgment declaring that the site of the proposed project was "parkland", which therefore could not be used for any other purpose absent express approval of the New York State Legislature. Thereafter, on December 22, 1987, the Huntington Town Board passed a resolution approving the application to rezone the subject parcel and declaring its intent to convey the property to a "turnkey" developer for the construction of the proposed housing development. The resolution premised the conveyance on Public Housing Law § 124, which provides that "[i]n connection with projects located within its territorial boundaries, a government may * * * grant, convey or lease any of its property" for public housing use, "provided that the government making the grant or lease determines that the premises are no longer required for the public use to which the property is devoted and that it is to the interest of the government to grant or lease the property to the authority". The defendants subsequently moved for summary judgment upon the ground that Public Housing Law § 124 authorized conveyance of the parcel for the construction of low-income housing regardless of whether it was parkland, and the plaintiff cross-moved to amend the

complaint to assert three additional causes of action. The Supreme Court awarded summary judgment to the defendants, concluding that alienation of the subject property for use as low-income housing was lawful pursuant to Public Housing Law § 124, and denied the plaintiff's cross motion to amend the complaint upon the ground that the proposed causes were without merit. We affirm.

Dedicated park areas in New York State are impressed with a public trust, and their use for other than park purposes, either for a period of years or permanently, requires the direct and specific approval of the Legislature, plainly conferred *(see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 152 AD2d 365; *Matter of Ackerman v Steisel,* 104 AD2d 940, *affd* 66 NY2d 833). Such legislative approval has been found in General Municipal Law § 503-a (4), which analogously authorizes a municipality to convey title to its real property to an urban renewal agency in furtherance of an urban renewal program *(Village Green Realty Corp. v Glen Cove Community Dev. Agency,* 95 AD2d 259). Similarly, in view of the public purpose served by encouraging the construction of "adequate, safe and sanitary low rent housing accommodations" (Public Housing Law § 2), we construe Public Housing Law § 124 as constituting legislative approval to vest the authority in the Town of Huntington to alienate the subject parcel *(see, Village Green Realty Corp. v Glen Cove Community Dev. Agency, supra).*

Moreover, while Public Housing Law § 124 requires a municipality to convey its property to "an authority or government" rather than a third-party "turnkey" developer, the statute further permits such a conveyance to be made "upon such terms" as the municipality "deem[s] advisable". The "turnkey" method of construction has been a recognized way of saving time and money in the construction of low-income housing *(Matter of Marino v Town of Ramapo,* 68 Misc 2d 44, 59). As the Public Housing Law must be liberally construed in order to effectuate its purposes (Public Housing Law § 220), and as under the turnkey method of construction the Huntington Housing Authority will retain equitable title to the parcel, we agree with the Supreme Court that Public Housing Law § 124 is applicable despite the fact that the parcel will not be conveyed directly to the Huntington Housing Authority for development.

Finally, a court should not examine the merits or legal sufficiency of a proposed amended pleading unless, at the very least, " 'a substantial question is raised as to the sufficiency or

meritoriousness of [the] proposed pleading' " *(Hopper v Hise,* 131 AD2d 814, 815; *Sharapata v Town of Islip,* 82 AD2d 350, 362, *affd* 56 NY2d 332). As the defendants have raised such a question here, our review of the proposed amended complaint and the record leads us to conclude that the plaintiff's proposed amendments are without merit and that the cross motion was thus properly denied. Mangano, P. J., Thompson, Bracken and Eiber, JJ., concur. *[See,* 144 Misc 2d 1064.]