■ GERALD H. GRAYSON, Appellant, v TOWN OF HUNTINGTON et al., Respondents. [618 NYS2d 407] —In an action, *inter alia,* for a judgment declaring that the defendants violated Public Housing Law § 124, the plaintiff appeals (1) from an order of the Supreme Court, Suffolk County (Lama, J.), dated September 22, 1992, which, upon reargument and renewal, vacated its prior order dated January 17, 1992, and granted the motion of the defendant Huntington Housing Authority for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court, also dated September 22, 1992, which, upon reargument and renewal, vacated its prior order dated January 17, 1992, and granted the motion of the remaining defendants for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the orders are affirmed, with one bill of costs payable to the respondents appearing separately and filing separate briefs.

On appeal, the plaintiff argues, *inter alia,* that certain property owned by the Town of Huntington and dedicated for conveyance to, and then development by, a private "turnkey" developer as low income housing, constitutes "parkland" which cannot be alienated without the express approval of the State Legislature pursuant to Public Housing Law § 124.

In *Grayson v Town of Huntington* (160 AD2d 835), we held that even assuming, *arguendo,* that the subject property was

parkland, Public Housing Law § 124 provided the express legislative authority needed to alienate such property. However, in 1990, after this Court's decision, but prior to any sale of the subject property by the Town, Public Housing Law § 124 was amended so as to further narrow a municipality's ability to alienate parkland (see, L 1990, ch 929, § 2). The plaintiff contends, inter alia, that since the subject property has not yet been sold, the 1990 amendments are applicable to any proposed conveyance, thereby rendering the proposed sale unlawful. We disagree.

A review of the record reveals that in December of 1987, the Town duly adopted a resolution declaring that "the [subject] property is no longer required for its former use" and dedicating it for the public purpose of low income housing. Contrary to the plaintiff's contentions, we find that upon adoption of the resolution, the Town permissibly discontinued the prior use of the property, regardless of the use to which the subject property was previously devoted. Accordingly, even if the subject property constituted parkland, its status as such was legally discontinued prior to the enactment of the 1990 amendments. In any event, assuming the applicability of the 1990 amendments, summary judgment would still be warranted inasmuch as the plaintiff's papers failed to create questions of fact concerning his contention that the property constitutes parkland or passive parkland within the meaning of Public Housing Law § 124, as amended.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Mangano, P. J., Thompson, O'Brien and Ritter, JJ., concur.