Randal B. Caldwell, Esq. Informal Opinion Town Attorney No. 2000-3 Town of Deerfield 9478 River Road Route 49 Marcy, N Y 13403
Dear Mr. Caldwell:
You have inquired whether a proposal for the limited cutting of trees on park land which was acquired by the town under the Park and Recreation Land Acquisition Program of 1960 ("Act") is lawful. You have stated that any proceeds resulting from the cutting of timber pursuant to the proposal would be utilized to improve the park.
Section 15.01 of the Parks, Recreation and Historic Preservation Law authorizes state grants for local acquisition of real property for recreational and park purposes. Section 15.09 of that law provides:
 Lands acquired by a municipality with the aid of funds made available pursuant to this article shall be retained by the municipality and shall not be disposed of or, . . . used for other than public park and related purposes without the express authority of an act of the legislature.
We also note common law restrictions on the use of park land. Land dedicated for park purposes is impressed with a public trust and its use for other purposes requires the direct and specific approval of the State Legislature. Matter of Ackerman v. Steisel, 104 A.D.2d 940, 941 (2d Dep't 1984), aff'd on memorandum below, 66 N.Y.2d 833 (1985). Even without a formal dedication, public property can be dedicated to park purposes through public use. See Op Atty Gen (Inf) 84-15.
Under your description of the town's proposal, the limited and selective cutting of timber would be to preserve the park and enhance its use by the public. Proceeds from sale of the resulting wood would be used for park improvements. In our view, such a proposal is consistent with state law. The described activities are designed to protect the park, preserve wildlife and promote public recreation.
Your concern is Informal Opinion No. 95-52 (attached), in which we found that a proposed use of park land acquired under the Act violated provisions of law governing use of the state grant and also violated case law restricting the alienation of park land. The proposal evaluated in that opinion, however, is distinguishable from the proposal set forth in your inquiry. In our prior opinion, the inquiry was whether the town could engage in the commercial harvesting of timber; lease a small portion of land to the local chamber of commerce for construction of a building and parking lot; grant an easement across a portion of the property for use by an adjoining land owner; and construct a town hall, library or health center on the property. Use of the land for those enumerated purposes would require authorization by the State Legislature. We noted that even the use of park property for general town purposes, such as the construction of a town hall, would be an alienation of park land and would require the specific authorization of the State Legislature. Clearly, your proposal is distinguishable and consistent with state law.
We conclude that a municipality may engage in limited and selected cutting of timber on park land to preserve the land and to enhance its use by the public. Proceeds of the harvesting of timber should be used solely for park improvement purposes. We note that we have not reviewed your town's specific logging proposal described in your request, and thus express no opinion as to whether that proposal is intended primarily to support park operations.
The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions