■ GOWANUS INDUSTRIAL PARK, INC., Appellant, v CITY OF NEW YORK et al., Respondents. [790 NYS2d 442]—

Order, Supreme Court, New York County (Faviola A. Soto, J.), entered on or about November 19, 2003, which granted defendants' motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint, unanimously affirmed, without costs.

Plaintiff concedes that state approval is required before any municipality can take existing parkland and use it for a non-park purpose (see *Friends of Van Cortlandt Park v City of New York*, 95 NY2d 623 [2001]). Any use of such area in the public trust for other than park purposes, regardless of the duration, requires the direct and specific approval of the Legislature, plainly conferred (*Williams v Gallatin*, 229 NY 248 [1920]; *Matter of Ackerman v Steisel*, 104 AD2d 940, 941 [1984], *affd* 66 NY2d 833 [1985]). State legislative "permission" must be express "in each instance" (see *Incorporated Vil. of Lloyd Harbor v Town of Huntington*, 4 NY2d 182, 190 [1958]). Because no such express, specific and plain permission was ever granted as to the entire tract, the City never had the power to remove the subject land from the adjoining park, and any action purporting to do so was without legal effect. Even were estoppel available to compel a municipality to do that which case law prohibits it from doing without explicit statutory authority (*Bender v New York City Health & Hosps. Corp.*, 38 NY2d 662 [1976]), this would not be one of those "unusual factual situations" where estoppel is appropriate (see *Matter of E.F.S. Ventures Corp. v Foster*, 71 NY2d 359, 369 [1988]). A municipality has no obligation to open what has been mapped only as a "paper street" (see *Headley v City of Rochester*, 272 NY 197, 201 [1936]). In any event, plaintiff could not have reasonably relied on a belief that, having obtained authorization to convert part of the parcel to street use over 45 years prior to plaintiff's closing, the City would complete the transaction soon after the 1997 closing. The allegation of a compensatory taking is unavailing here because no part of the paper street is actually on the land plaintiff purports to own (*cf. Matter of Ward v Bennett*, 79 NY2d 394 [1992]), and plaintiff has not shown that the inability to use the subject land for an access road to the east end of the property "destroys its economic value, or all but a bare residue of its value" (see *French Inv. Co. v City of New York*, 39 NY2d 587, 596 [1976], *cert denied* 429 US 990 [1976]).

Plaintiff's remaining arguments are unavailing. Concur—Tom, J.P., Mazzarelli, Andrias, Friedman and Gonzalez, JJ.