Jases", J.
The petitioners, by this article 78 proceeding, seek to restrain the Village of Lake George (Village) and Lake George Marine Industries, Inc. (Marine Industries), from complying with a five-year lease demising to Marine Industries a dock and related facilities located on land owned by the Village on the southern shore of Lake George. From this dock, Marine Industries, a privately owned corporation, operates sight-seeing boats which transport persons purchasing tickets on a tour of the waters of Lake George.
All of the lands covered by the lease were granted to the Village by the State of New York in three separate instruments restricting the use of the land as follows: Parcel A—“ for public park purposes Parcel D—for “ the sole purpose of erecting *51 a dock or docks and dock facilities for the benefit of the Village of Lake George ’ ’; and a so-called Easement Parcel which provided, in pertinent part, ‘‘ for receiving boat dockage and for the right of ingress and egress to the waters of Lake George The indenture further provided, ‘ ‘ The easement hereby granted is restricted to the use for public boat rental and boat transportation facilities and at least one public docking space.”
It has long been the rule that a municipality, without specific legislative sanction, may not permit property acquired or held by it for public use to be wholly or partly diverted to a possession or use exclusively private. (People ex rel. Swan v. Doxsee, 136 App. Div. 400, 403, affd. 198 N. Y. 605; Meriwether v. Garrett, 102 U. S. 472, 513; 3 Op. St. Comp., 1947, p. 178.)
Thus, the question which must be resolved at the outset is whether or not the premises in issue were acquired or held by the Village for public use. An examination of the language contained in the instruments conveying the lands covered by the lease clearly indicates that the Village received the lands for public use. Moreover, in constructing the docks in question “ for the benefit of the Village of Lake George ”, the Village held such docks in a public capacity. As was aptly stated in Hesse v. Rath (249 N. Y. 436), a municipality “ acts for city purposes when it builds a dock or a bridge or a street or a subway ”. (At p. 438.)
The present lease to Marine Industries, for that corporation’s private pursuit of profit, clearly diverted part of this public trust to exclusively private purposes, without legislative sanction. It matters not that Marine Industries leased only 110 feet of the more than 1,000 feet of public lake frontage, since the whole grant was held for the public use, not simply a part of it. “ Sound public policy forbids that there should be any power to divert a part thereof to a private use, for, once such power being assumed, the dangers which may follow either from favoritism or ill-judgment may speedily hamper or practically destroy the fundamental purpose of the public use.” (People ex rel. Swan v. Doxsee, supra, at p. 406.)
While it is true that a municipality may hold property either in its corporate capacity as an ordinary proprietor or solely for the public use, the determination should not be made by the municipality. The ultimate control over the uses of public places *52 is in the Legislature, and the only powers in this respect possessed by a municipality are derivative. (American Dock Co. v. City of New York, 174 Misc. 813, affd. 261 App. Div. 1063, affd. 286 N. Y. 658.) Indeed, while the Commissioners of the Land Office had the power to impose certain restrictions upon public uses of property conveyed to municipalities from the State, they could not enlarge enumerated public purposes.* (Public Lands Law, §§ 34, 75, subds. 7,10; 1958 Opns. Atty. Gen. 163.) Only the Legislature has such authority. Moreover, legislative sanction must be clear and certain to permit a municipality to lease public property for private purposes. (American Dock Co. v. City of N. Y., supra.) We need only add that such a lease granted pursuant to specific legislative sanction must, of course, satisfy the requirements of section 1 of article VIII of our State Constitution. (Murphy v. Erie County, 28 N Y 2d 80.)
The order appealed from should be reversed and the order at Special Term, nullifying the lease and prohibiting the Village of Lake George from leasing the dock in question, reinstated.
Chief Judge Fuld and Judges Breitel and Gibson (dissenting). We dissent and vote to affirm on the opinion at the Appellate Division. It is useful to emphasize that the disagreement seems to turn on whether a public purpose or a public use is required. The Appellate Division properly held that the lease was valid so long as a public purpose was present, that is, if the purpose of the lease was to provide a public benefit even if by private enterprise. In that court’s view and in the view of the dissenters there is no requirement by statute or the grant that there be only a use by the public, meaning that any private enterprise must be excluded from control or operation.
Judges Burke, Soileppi and Bergan concur with Judge Jasen ; Chief Judge Fuld and Judges Breitel and Gibson dissent and vote to affirm in a memorandum.
Order reversed, with costs, and order of Special Term reinstated.

 By chapter 462 (§ 9) of the Laws of 1960 the Board of Commissioners of the Land Office was abolished and its functions transferred to the Office of General Services.