HON. J. OTTO WILLIAMS Corporation Counsel, Newburgh
This is in response to the letter of Joseph P. Rones, Assistant Corporation Counsel, wherein he asks for an opinion of the Attorney General relating to the following. In his letter Mr. Rones states that the City of Newburgh owns certain lands on the shores of the Hudson River. Mr. Rones asks whether or not the City of Newburgh is authorized to lease the property to a private party for a term of three years or less, despite the provisions of General City Law, § 20 (2), which specifically declares such property inalienable, and a charter provision of the City of Newburgh, which requires a sale or conveyance of such property to be subject to mandatory referendum.
General City Law, § 20(2), authorizes a city:
 "* * * to acquire by condemnation real and personal property within the limits of the city, for any public or municipal purpose, and to sell and convey the same, but the rights of a city in and to its water front, ferries, bridges, wharf, property, land under water, public landings, wharves, docks, streets, avenues, parks, and all other public places, are hereby declared to be inalienable, except in the cases provided for by subdivision seven of this section." (Emphasis supplied.)
The situation you described does not fall within the purview of any exceptions contained in General City Law, § 20(7).
The Charter of the City of Newburgh, in section 16.03 thereof, provides:
 "The rights of the city in its water front, lands under water, wharves, piers, docks, streets, parks or playgrounds, shall not be sold or conveyed unless such sale or conveyance shall first have been authorized by a plurality of votes cast at a special election at which all qualified voters of the city who registered at the last preceding general election shall be entitled to vote. * * *"
In the Matter of Lake George Steamboat Company, Inc. v.Blais, 30 N.Y.2d 48 (1972), the Court of Appeals reversed an order of the Appellate Division and reinstated the order at Special Term, restraining the Village of Lake George from complying with a five-year lease demising to a privately owned corporation of lands, which included certain lands which were granted to the Village of Lake George by the New York State Department of Conservation for public park purposes, dock facilities and an easement providing for receiving boat dockage and for the right of ingress and egress to the waters of Lake George. In its decision, the Court stated:
 "It has long been the rule that a municipality, without specific legislative sanction, may not permit property acquired or held by it for public use to be wholly or partly diverted to a possession or use exclusively private. (People ex rel. Swan v. Doxsee, 136 App. Div. 400, 403, affd. 198 N.Y. 605; Meriwether v. Garrett, 102 U.S. 472, 513; 3 Op. St. Comp., 1947, p. 178.)"
In Murphy v. Erie County, 28 N.Y.2d 80 (1971), Chief Judge FULD writing for the majority stated:
 "It is established that a municipality may lease its public improvements to private concerns so long as the benefit accrues to the public and the municipality retains ownership of the improvement." (Emphasis supplied.)
In the Matter of Lake George Steamboat Company, Inc. v. Blais,supra, the Court elaborated:
 "* * * Moreover, legislative sanction must be clear and certain to permit a municipality to lease public property for private purposes. (American Dock Co. v. City of N.Y., supra.) We need only add that such a lease granted pursuant to specific legislative sanction must, of course, satisfy the requirements of section 1 of article VIII of our State Constitution. (Murphy v. Erie County, 28 N.Y.2d 80.)"
From all of the foregoing, we conclude that the City of Newburgh may lease its water front property and public improvements thereon to a private concern so long as the benefit accrues to the public and the municipality retains ownership of the water front property and improvements thereon but such lease must satisfy the requirement of New York State Constitution, Article VIII, § 1.