Hon. Andrew J. Gilday Corporation Counsel Kingston
You state that the City of Kingston owns waterfront property consisting of a narrow strip of land 5 to 15 feet wide lying between a city street and Rondout Creek.
Your letter poses the following questions:
Can the waterfront property be sold without first obtaining a special act of the Legislature?
Can the waterfront property be leased without first obtaining a special act of the Legislature?
If the waterfront property can be leased (either with or without a special act of the Legislature), would $100 a year rental plus an agreement to repair and maintain an existing bulkhead on the property be sufficient consideration for a 20-year lease of the property containing an option for a 20-year renewal?
Can the city amend General City Law § 23 subd 2 par b as to the manner of selling or leasing city waterfront property?
The Kingston City Charter contains no provisions providing for the manner of selling or leasing city property.
General City Law § 20 subd 2 provides, in part:
 "[T]he rights of a city in and to its waterfront, ferries, bridges, wharf property, land under water, public landings, wharves, docks, streets, avenues, parks, and all other public places, are hereby declared to be inalienable, except in the cases provided for by subdivision seven of this section."
We construe "inalienable" in the strict sense of selling as distinguished from renting. We find no authority in subdivision 7 permitting sale of city waterfront property.
In our opinion, the City of Kingston cannot sell its waterfront property unless it first obtains a special act of the Legislature allowing it to do so.
General City Law § 20 subds 8 and 10 grant power to a city:
 "8. To control and administer for any business, commercial, maritime or public purpose the waterfront and waterways of the city and to establish, maintain, operate and regulate for any such purpose or purposes docks, piers, wharves, warehouses and all adjuncts and facilities for the utilization of the waterfront and waterways and adjacent property.
* * *
 "10. To grant franchises or rights to use the streets, waters, waterfront, public ways and public places of the city."
These subdivisions constitute specific legislative consent to a lease by a city of its waterfront property.
In our opinion, the City of Kingston can rent its waterfront property without the necessity of first obtaining a special act of the Legislature.
The New York State Constitution Article VIII § 1 prohibits the gift or loan of any money or property of a municipality to or in aid of any individual or private corporation or association or private undertaking or to give or lend its credit to any such person or entity or any public corporation. (Certain exceptions are contained in the section which are not applicable here.) This provision mandates that if such a lease is entered into, the consideration for the lease must be adequate. (See 1976 Op Atty Gen 145, a copy of which we enclose herewith.)
The dissenting opinion stated, in Matter of Lake George Steamboat Co.,Inc. v Blaise, et al., 30 N.Y.2d 48 (1972):
 "It is useful to emphasize that the disagreement seems to turn on whether a public purpose or a public use is required. The Appellate Division properly held that the lease was valid so long as a public purpose was present, that is, if the purpose of the lease was to provide a public benefit even if by private enterprise. In that court's view and in the view of the dissenters there is no requirement by statute or the grant that there be only a use by the public, meaning that any private enterprise must be excluded from control or operation."
The majority opinion, in commenting upon when a lease of municipal property is allowable, remarked:
 "[L]egislative sanction must be clear and certain to permit a municipality to lease public property for private purposes. [Citation omitted.] We need only add that such a lease granted pursuant to specific legislative sanction must, of course, satisfy the requirements of section 1 of article VIII of our State Constitution. [Citation omitted.]"
Because the question of adequacy of consideration for a lease is a factual issue which in the end can only be determined by a court, particularly where the property involved, as here, has unusual characteristics, we are unable to express an opinion as to adequacy of the proposed rent, but we observe that although the waterfront property may be of little use for some purposes and from certain points of view may be of no benefit to the city, nonetheless, it should be kept in mind that in all likelihood the rental from only a single boat slip for a year will provide more income to a lessee than the annual rental suggested for all of the frontage. Perhaps a fairer lease for the city would be to charge a flat rate plus a proportion of the gross receipts produced by the area and the city might well consider retaining control of the services to be provided (rental charges for boat slips and charges for other services), the manner of use of the property, and the record keeping system of the tenant so that there will be public control and in fact a public benefit from the contemplated use. Possible congestion of the adjacent city street may also be a matter to consider.
In 1958 Inf Op Atty Gen 148 we concluded that a city, under the authority of the then City Home Rule Law § 11, could amend General City Law § 23 subd 2 par b. The City Home Rule Law has been replaced and augmented by the Municipal Home Rule Law which, as we concluded in 1969 Op Atty Gen 146, authorizes such an amendment by section 10 subd 1 par (i). Copies of those opinions are enclosed herewith.
In our opinion, the City of Kingston by local law may amend General City Law § 23 subd 2 par b in relation to the manner in which city property may be sold or leased.