OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 The land now occupied by the Ganienkeh group, whose members are assertedly descendants of the Mohawk Indian Nation, was originally conveyed to the State by the William H. Miner Foundation in 1962. The deed provided that the conveyance of the Miner Lake property was made pursuant to an order of Supreme Court, which, in turn, authorized the conveyance “to the People of the State of New York for campsites, recreational, conservation or other public purposes”. In 1977, following the takeover of other lands at Moss Lake by the Ganienkeh group, the State leased the Miner Lake property to the Turtle Island Trust, a nonprofit charitable and educational trust which had been established to help preserve and protect Indians and their traditional way of life. Thereafter, the Ganienkeh group moved from the property they were originally occupying to the land leased by the trust.
 

 Petitioners contend, among other things, that the lease to the trust is invalid because it contravenes the order of Supreme Court approving the transfer of the property from the foundation to the State, assertedly because the land is not being used for a “public purpose” within the meaning of the order. The lease to the Turtle Island Trust provides, however, that the land is to be used to preserve native American culture, to educate Indians, to promote racial and cultural harmony and to relieve poverty among North American Indians. Significantly, the lease also requires the lessee to maintain a cultural and educational center focused on the traditional Mohawk way of life which is to be open to the public. Under these circumstances, it cannot be said that the State, in entering into this lease, failed to devote the property to a public purpose. The question whether the terms of the lease itself were fulfilled was not raised in the
 
 *911
 
 petition and is thus inappropriate for review. Additionally, in light of our disposition of the “public purpose” issue, it is unnecessary to address the conclusion of the Appellate Division that the public purpose required here could also be found in the settlement of the Ganienkeh dispute.
 

 We also find no merit to petitioners’ contention that the lease violates the provisions of the Park and Recreation Land Acquisition Bond Act (L 1960, ch 522), which authorizes the expenditure of State moneys to acquire lands for conservation and outdoor recreation. The petition contains no allegation that the land is subject to the provisions of the bond act, and as the Appellate Division noted, the property was gratuitously conveyed to the State by the Miner Foundation, and no bond act funds were used -to acquire the property. The description of the premises being conveyed under the Miner deed by reference to a map prepared in connection with acquisition under the bond act did not operate to place such premises under the restrictions of the act.
 

 Finally, we conclude that it is unnecessary to reach the issue whether the Ganienkeh group is entitled to sovereign immunity as part of the Mohawk Nation.
 

 We have considered petitioners’ remaining contentions and find them either inappropriate for review or without merit.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed, with costs, in a memorandum.