■ PORT CHESTER YACHT CLUB, INC., Appellant, v VILLAGE OF PORT CHESTER et al., Respondents.—In an action for a judgment declaring a lease valid, the plaintiff appeals from a judgment of the Supreme Court, Westchester County (Slifkin, J.), dated August 13, 1985, which, upon the defendants' motion for summary judgment, was in favor of the defendants.

Ordered that the judgment is reversed, with costs, the defendants' motion for summary judgment is denied and the matter is remitted to the Supreme Court, Westchester County, for further proceedings.

The plaintiff, a nonprofit membership corporation, has leased certain lands from the defendant Village of Port Chester since 1928. The lands had been granted by New York State to the defendant village impressed with a public trust— that they be "for the public use", specifically "a public wharf or dock" (the purchase of additional lands from New York State by the defendant village in 1974 was financed by bond resolutions stating that this land was to be used as a public park and to be leased, in part, "for use as a Marina"). The plaintiff, through its own membership funding, has built and operates a yacht club on the premises. The current lease, which is the subject of this dispute, was entered into in April of 1975. It includes the land purchased by the defendant village in 1974, purports to last 20 years, and requires that: (1) all members of the yacht club must be residents of Port Chester, (2) all residents of Port Chester, even nonmembers, may launch and recover their boats twice a year from the yacht club's launching ramps, (3) the property is to be made available to the United States Coast Guard for regularly offered boating courses, and (4) the village may enter the premises and any building thereon for any purposes whatsoever and may use the ramp on the premises for disposal of snow in Long Island Sound. In 1984, the defendants served an eviction notice on the plaintiff and sought to recover the leased property. The plaintiff then commenced the instant action, seeking a declaratory judgment as to the validity of the lease. The defendants moved for summary judgment, claiming that the lease was void because the village had no authority to lease public park lands to a private club for private use. It was claimed that the yacht club was an exclusive club for white males which accepts new members only through election by existing members. The plaintiff denied this, claiming that its membership was open to any resident on a nondiscriminatory basis, that it was not a "private club" but a nonprofit membership organization con-

ferring public benefits, and that the lease served a proper "public purpose" and use of the land was not "exclusively private". It added that, in any event, the defendants were estopped from claiming that the lease was invalid because it conveyed public property to a private club, since this argument is based on an informal opinion letter received (at the defendants' request) from the New York State Attorney-General's office by the defendant village's Corporation Counsel, which letter advised that such a lease would be invalid. The plaintiff claims that the Corporation Counsel of the Village of Port Chester received this letter in December of 1974, then negotiated and drafted the current lease and assured the plaintiff and the Board of Trustees of the Village of Port Chester that the Attorney-General's letter and case law cited therein were inapplicable to the lease as drafted. After knowing about such a letter and case law, but choosing to ignore it and execute the lease anyway, the plaintiff urges that the defendants cannot claim 10 years later that the lease was unauthorized on the basis of this same letter and case law.

The trial court, relying entirely on an interpretation of *Matter of Lake George Steamboat Co. v Blais* (30 NY2d 48), based on the dissent in that case, found the lease invalid as a matter of law and granted the defendants summary judgment. It did not reach the factual issue of public purpose or private purpose since it found the lease to be invalid stating "the municipality cannot lease land held for public purpose, i.e., park land, to a private lessee, no matter what the purpose". It also noted that the estoppel issue was one of several raised by the plaintiff, but then failed to address this issue.

We disagree. Absent legislative sanction, the validity of a lease by a municipality of park land and other property entrusted for public use turns on the nature of the use rather than the nature of the user. Leases of such lands to private organizations have been found valid so long as the land is to be used for or the lease serves a *public purpose (see, e.g., Matter of Altona Citizens Comm. v Town of Altona,* 54 NY2d 908; *Murphy v Erie County,* 28 NY2d 80). Cases that have found such leases to be invalid have stressed the "exclusively private" use of the property, the private entity's profit-making goal, or the improper and unintended use of the property *(see, e.g., Matter of Lake George Steamboat Co. v Blais,* 30 NY2d 48, 51, *supra; People ex rel. Swan v Doxsee,* 136 App Div 400, *affd* 198 NY 605; *Matter of Ackerman v Steisel,* 104 AD2d 940, *affd* 66 NY2d 833).

In the instant case, the plaintiff has no private, profit-mak-

ing goal, the use of the land as a dock or marina properly conforms with the use intended under the original grant, and certain terms in the lease ensure that use of the premises is not "exclusively" private. The extent of the limited public access to or use of the property, however, and whether such access or use is sufficient to characterize the lease as one which serves "public purposes", remain unresolved factual issues which preclude summary judgment. There is also the factual dispute as to whether membership is truly open to all residents, or whether certain segments of the public are unfairly excluded from joining the yacht club. The record reveals an unresolved factual question as to whether equitable estoppel is available against the defendants. Further proceedings are therefore required to determine these issues. Thompson, J. P., Weinstein, Lawrence and Eiber, JJ., concur.