■ PHILLIP JOHNSON et al., Respondents, v TOWN OF BROOKHAVEN et al., Appellants. [646 NYS2d 180] —In an action, *inter alia,* for a judgment declaring the invalidity of a Master License Agreement between the Town of Brookhaven and West Meadow Beach Cottage Owners, Inc., the appeal is from a judgment of the Supreme Court, Suffolk County (Floyd, J.), entered June 9, 1995, which, *inter alia,* declared the Master License Agreement to be invalid and ordered the removal of privately-owned cottages from public park land at West Meadow Beach.

Ordered that the judgment is affirmed, with one bill of costs.

"Dedicated park areas in New York State are impressed with a public trust, and their use for other than park purposes, either for a period of years or permanently, requires the direct and specific approval of the Legislature, plainly conferred" (*Grayson v Town of Huntington,* 160 AD2d 835, 837; *see, Matter of Ellington Constr. Corp. v Zoning Bd. of Appeals,* 152 AD2d 365, *affd* 77 NY2d 114; *Matter of Ackerman v Steisel,* 104 AD2d 940, *affd* 66 NY2d 833). "Absent legislative sanction, the validity of a lease by a municipality of park land and other property entrusted for public use turns on the nature of the use rather than the nature of the user. Leases of such lands to private organizations have been found valid so long as the land is to be used for or the lease serves a *public purpose*" (*Port Chester Yacht Club v Village of Port Chester,* 123 AD2d 852, 853; *see, e.g., Matter of Altona Citizens Comm. v Town of Altona,* 54 NY2d 908; *Murphy v Erie County,* 28 NY2d 80).

The Town states that it entered into a 12-year Master License Agreement, leasing public parkland to a private corporation (essentially a home owner's organization), on the ground that the revenue from the lease will finance the even-

tual restoration of the public parkland. While Towns may lease part of parks for a use for the public benefit, such as concession stands, the leasing of public parklands is invalid where the lease stresses "the 'exclusively private' use of the property, the private entity's profit-making goal, or the improper or unintended use of the property" (*Port Chester Yacht Club v Village of Port Chester, supra,* at 853; *see, e.g., Matter of Lake George Steamboat Co. v Blais,* 30 NY2d 48, 51; *People ex rel. Swan v Doxsee,* 136 App Div 400, *affd* 198 NY 605). Accordingly, we find the use of this public parkland for private summer cottages to be an improper use to the exclusion of the public. The Town's reliance on Municipal Home Rule Law § 10 and Town Law § 64 is misplaced, as those provisions do not permit the Town to convert dedicated public parkland into a revenue-generating enterprise by leasing the public parkland to private individuals.

The appellants' remaining contention is without merit. Mangano, P. J., Santucci, Goldstein and McGinity, JJ., concur.