■ RAPHAEL POLANCO, Respondent, v CITY OF NEW YORK et al., Appellants. [665 NYS2d 534] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Jackson, J.), dated September 16, 1996, as granted the plaintiff's motion for summary judgment on the issue of liability.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff made out a prima facie case for summary judgment. The defendants' submissions failed to create a triable issue of fact with respect to the claim that the codefendant Louis Magrino lost control of his New York City Department of Sanitation truck and collided into the plaintiff's stationary vehicle because of some kind of unexplained or sudden mechanical failure (*see, e.g., Pfaffenbach v White Plains Express Corp.*, 17 NY2d 132; *Gladstone v Hachuel*, 225 AD2d 730; *Leal v Wolff*, 224 AD2d 392; *Rafkind v Clark*, 221 AD2d 611; *Gross v Napoli*, 216 AD2d 524). Notably, a shadowy semblance of an issue or bald conclusory allegations, even if believable, are insufficient to defeat a motion for summary judgment (*see, Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338; *see also, Andre v Pomeroy*, 35 NY2d 361, 364; *Rotuba Extruders v Ceppos*, 46 NY2d 223, 231; *Colonial Commercial Corp. v Breskel Assocs.*, 238 AD2d 539; *Federal Deposit Ins. Corp. v Kaye*, 224 AD2d 578; *Citibank v Pierre*, 213 AD2d 443).

The defendants' remaining contentions are without merit (*see, Carson v New York City Tr. Auth.*, 237 AD2d 242; *Gild-*

*ston v Schlecter*, 233 AD2d 419; *Arcila v Incorporated Vil. of Freeport*, 231 AD2d 660). O'Brien, J. P., Thompson, Santucci and McGinity, JJ., concur.