■ EVELYN BLANKMAN et al., Respondents, v INCORPORATED VILLAGE OF SANDS POINT et al., Appellants. [670 NYS2d 802] —In an action, *inter alia,* for a judgment declaring that the sale of certain real property is prohibited, the defendants appeal from so much of (1) an order of the Supreme Court, Nassau County (Davis, J.), dated August 5, 1997, as denied that branch of their motion which was for summary judgment dismissing the complaint, and (2) an order of the same court, dated December 4, 1997, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated August 5, 1997, is dismissed, as that order was superseded by the order dated December 4, 1997, made upon reargument; and it is further,

Ordered that the order dated December 4, 1997, is reversed insofar as appealed from, on the law, and, upon reargument, so much of the order dated August 5, 1997, as denied that branch of the defendants' motion which was for summary judgment dismissing the complaint is vacated, that branch of the motion is granted, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the sale of the subject real property is not prohibited; and it is further,

Ordered that the appellants are awarded one bill of costs.

The submissions made by the appellants established their prima facie entitlement to judgment as a matter of law (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324; *Zuckerman v City of New York,* 49 NY2d 557). The complaint sought, *inter alia,* to prevent the appellants from selling certain real property to private purchasers. The appellants produced evidence demonstrating that the subject property was conveyed to the Incorporated Village of Sands Point without restriction, condition, or limitation in terms of its subsequent use or disposition. The defendant further adduced evidence establishing that the subject property was never utilized for, or dedicated to, any public use (*cf., Matter of Lake George Steamboat Co. v Blais,* 30 NY2d 48, 51). The respondents' opposing assertions rest upon a series of conclusory allegations which fail to generate triable issues of fact (*see, Zuckerman v City of New York, supra; Slanetz v North Shore Univ. Hosp.,* 228 AD2d 490). Notably, "a shadowy semblance of an issue or bald conclusory allegations, even if believable, are insufficient to defeat a motion for summary judgment" (*Polanco v City of New York,* 244 AD2d 322; *Seaboard Sur. Co. v Nigro Bros.,* 222 AD2d 574; *see also, Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338). Mangano, P. J., Copertino, Thompson and McGinity, JJ., concur.