■ MARIA HERRERA, Respondent, v CITY OF NEW YORK et al., Defendants, and ANTHONY D'AMICO & SON, INC., Appellant. [691 NYS2d 504] —Order, Supreme Court, Bronx County (George Friedman, J.), entered July 24, 1998, which, to the extent appealed from as limited by appellant's brief, denied defendant Anthony D'Amico & Son's cross motion for summary judgment, affirmed, without costs.

There is no per se rule that a sidewalk defect must be of a certain minimum elevation or width differential in order to be actionable; rather, it depends on the particular facts and circumstances of each case (*Trincere v County of Suffolk*, 90 NY2d 976). Generally, a sidewalk defect presents an issue of fact for a jury (*see, Nin v Bernard*, 257 AD2d 417; *Tesak v Marine Midland Bank*, 254 AD2d 717), unless, as the Court of Appeals noted in *Trincere*, the defect is so trivial as to warrant disposition on summary judgment. But even a trivial defect can sometimes have the characteristics of a snare or a trap (*see, e.g., Rivera v 2300 X-tra Wholesalers*, 239 AD2d 268).

In her candid deposition testimony, plaintiff was unable to state, of a certainty, what had caused her to fall, except that when she looked back, after falling, she noticed the sidewalk at that spot was "unlevel." The photographic record here reveals the possibility that between the adjoining sidewalk and the section newly installed by D'Amico & Son, there was not only an elevation differential of three-quarters to one inch (downward, in the direction plaintiff was walking), but also a gap of up to one and a half inches in width. This is a hazard whose existence should be determined and evaluated by a trier of facts. Concur—Sullivan, J. P., Nardelli, Wallach, Andrias and Saxe, JJ.

Sullivan, J. P., dissents in a memorandum as follows: In my view, appellant's motion for summary judgment should have

been granted and the complaint against appellant dismissed. The evidence reflects that the only defect in the sidewalk is the elevation differential of ³/₄ of an inch. Such differentials, without more, have been held to be non-actionable. (*Morales v Riverbay Corp.*, 226 AD2d 271.) "It is settled that '[t]he owner of a public passageway may not be cast in damages for negligent maintenance by reason of trivial defects on a walkway, not constituting a trap or nuisance, as a consequence of which a pedestrian might merely stumble, stub his toes, or trip over a raised projection.'" (*Supra*, quoting *Liebl v Metropolitan Jockey Club*, 10 AD2d 1006.)

In an attempt to characterize the defect here as a non-trivial one, the majority asserts that a photograph in the record "reveals the possibility" that, in addition to the height differential, there was a gap between the sidewalk sections of up to one and a half inches in width. No such claim has been made by plaintiff, either in her deposition or papers opposing the summary judgment motion, and, thus, it is not part of the record. Moreover, there is no basis for concluding that the shadow which appears on the photograph in question indicates such a "gap". Particularly apt in this context is the familiar axiom that a "'shadowy semblance of an issue'" is insufficient to defeat summary judgment. (*Capelin Assocs. v Globe Mfg. Corp.*, 34 NY2d 338, 341; *Polanco v City of New York*, 244 AD2d 322.)