JAMES M. KENNY et al., Respondents-Appellants, v BOARD OF TRUSTEES OF THE INCORPORATED VILLAGE OF GARDEN CITY et al., Appellants-Respondents. [735 NYS2d 606] —In an action, *inter alia*, pursuant to General Municipal Law § 51 to permanently enjoin the defendants from leasing to a private entity a portion of a 48.6-acre parcel of real property which was allegedly acquired by condemnation solely for public and recreational uses, the defendants appeal, as limited by their brief, from stated portions of a judgment of the Supreme Court, Nassau County (Burke, J.), entered May 15, 2001, which, after a nonjury trial, among other things, declared that a public trust was impressed upon the parcel through the acquisition thereof by the defendant Village of Garden City and granted the plaintiffs' application to permanently enjoin the defendants from entering into the subject lease or any sale or leasing agreement with a private commercial entity of any portion of the parcel without the approval thereof by the New York State Legislature, and the ·plaintiffs cross-appeal from stated portions of the same judgment, which, *inter alia*, upon declaring that the parcel did not become parkland or a park through implied dedication when acquired by the Village of Garden City in 1993, dismissed the second cause of action in the complaint.

Ordered that the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The defendants contend that the trial court erred in finding that a public trust was impressed upon the subject parcel of real property through the acquisition thereof by the defendant Village of Garden City thereby precluding it from entering into the subject lease. We disagree.

"A municipality may hold property either in its corporate capacity as an ordinary proprietor or solely for the public use. Whether it can devote any part of its property even temporarily to a private use depends entirely upon the capacity in which it holds title" (*People ex rel. Swan v Doxsee,* 136 App Div 400, 403). "It has long been the rule that a municipality, without specific legislative sanction, may not permit property acquired or held by it for public use to be wholly or partly diverted to a possession or use exclusively private" (*Matter of Lake George Steamboat Co. v Blais,* 30 NY2d 48, 51; *see also, Meriwether v Garrett,* 102 US 472, 513). This includes property "held for the public use primarily" (*People ex rel. Swan v Doxsee, supra,* at 405). The evidence at trial established that the defendants' intent to acquire the property was essentially for recreational uses. Although the instruments of conveyance do not contain

such restrictive language, it is undisputed that the property was utilized for recreational purposes (*cf., Blankman v Incorporated Vil. of Sands Point,* 249 AD2d 349). Accordingly, the trial court properly found that the property was impressed with a public trust (*see, Gewirtz v City of Long Beach,* 69 Misc 2d 763, *affd* 45 AD2d 841).

The trial court also properly found that the proposed use of a portion of the property as the site for a privately-operated assisted living facility for seniors was inconsistent with the public purposes for which the property was acquired. The evidence established that the assisted living facility constituted an "exclusively private" use of the property and was a profit-making enterprise (*Johnson v Town of Brookhaven,* 230 AD2d 774, 775).

The parties' remaining contentions are without merit. McGinity, J. P., Luciano, Feuerstein and Prudenti, JJ., concur.