Daniel J. Guiney, Esq. Informal Opinion County Attorney No. 2002-1 County of Allegany County Office Building, Rm. 213 7 Court Street Belmont, New York 14813
Dear Mr. Guiney:
You have asked whether the County of Allegany ("the County") may authorize the use of all-terrain vehicles ("ATVs") on County- owned reforested lands. Assuming the County may do so, you also ask whether the County may allow a private organization of ATV owners to construct a trail system on such lands and grant the private organization exclusive use of the trail system. You explain in your letter that the construction of a trail system would involve some brush cutting and changes in the landscape of the reforested lands.
Pursuant to County Law § 219(1), the board of supervisors of a county has the power to "purchase, acquire or accept by gift lands for purposes of reforestation and/or lease for the purpose of aiding in discovering and removing oil and/or gas from such reforested land and adequately plant, fence and otherwise maintain said lands for purposes of watershed protection, development of oil and gas retrieval, the production of timber and forest products and for recreation and kindred purposes. The title of the lands so acquired shall be vested in the county and such lands shall be forever devoted for the purposes aforesaid and no other." County Law § 219(1) does not define the phrase "recreation and kindred purposes" or otherwise limit the scope of that term.
Vehicle and Traffic Law § 2405(2) states that:
 A governmental agency other than a municipality, by regulation or order, and a municipality, by ordinance or local law, may designate any appropriate public lands, waters and properties other than highways under its jurisdiction as a place open for travel by ATVs upon written request for such designation by any person, and may impose restrictions and conditions for the regulation and safe operation of ATVs on such public property, such as travel on designated trails and hours of operation. In addition thereto, such agency or municipality may not require the operator of an ATV to possess a motor vehicle operator's license. A municipality may charge a fee for use of ATVs on such public lands. (Emphasis supplied.)
We conclude that when read together, County Law § 219(1) and Vehicle and Traffic Law § 2405(2) authorize the County of Allegany to designate county-owned reforested lands as open for ATV travel. The use of ATVs for recreation purposes is consistent with the authorized uses of reforested land set out in County Law § 219(1). Reforested lands would therefore appear to be "appropriate public lands" for ATV travel as required by Vehicle and Traffic Law § 2405(2).
Your letter indicates that a trail system would be constructed on the reforested lands and that some brush cutting and changes in the landscape may be required. County Law § 219(1) authorizes the use of reforested land for production of timber and forest products, oil and gas exploration and recreation. Removal of a limited amount of brush and incidental landscaping in connection with construction of an ATV trail on reforested land would appear to be consistent with the preparation of the land for the above uses, and, therefore, consistent with the statute.
We emphasize, however, that this use must be consistent with forest and wildlife conservation and watershed protection. County Law §219(1). Therefore, the preparation of trails must be limited in scope and carefully planned to ensure compatibility with watershed protection and reforestation purposes. See Op. Atty. Gen. No. 90-F1, attached (discussing N.Y. Const., Art. XIV, § 3(1) and Environmental Conservation Law § 9-0501(1)). Also, in developing and maintaining trails, the county must comply with all applicable state and federal environmental laws, for example, Environmental Conservation Law, Articles 11 (endangered species), 24 (wetlands), 17 (water quality), 15 (stream disturbances).
Finally, you ask whether the County could grant a private organization of ATV owners exclusive use of a trail system constructed on reforested lands. As discussed below, we conclude that such a grant would be unlawful.
It is well established that a municipality may not permit property acquired or held by it for public use to be wholly or partially diverted to a possession or use exclusively private, without "clear and certain" specific legislative sanction. See Lake George Steamboat Co. v. Blais,30 N.Y.2d 48, 52 (1972). In the Lake George Steamboat case, the Village of Lake George agreed to lease to a private corporation a dock and related facilities on Village-owned land on the shore of Lake George. The corporation planned to operate sight-seeing boats from the dock. The instruments conveying the land at issue from the State to the Village clearly stated that the use of the land was restricted to "public park purposes" and for the erection of a dock "for the benefit of the Village." The Court of Appeals held that based on the language in the instrument of conveyance, it was clear that the Village received the lands for public use and held the dock in a public capacity. The lease to the private corporation diverted those lands and dock to exclusively private purposes without specific legislative sanction, and was therefore forbidden.
There does not appear to be any question that the reforested lands at issue here are held by the County of Allegany for public use. Moreover, there is no legislative sanction, much less the requisite "clear and certain" specific legislative sanction, to divert even a portion of those lands for exclusive use by a private organization. County Law §219(1) authorizes the County board of supervisors to lease reforested lands to private organizations for oil and gas exploration and removal purposes. The statute does not grant the County authority to lease the land for any other purpose. We therefore conclude that the County may not grant a private organization of ATV owners exclusive use of a trail system constructed on County-owned reforested lands.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions
By:___________________________
JULIE M. SHERIDAN
Assistant Solicitor General