■ JEFFERY MASON et al., Appellants, v CLIFTON PARK WA-
TER AUTHORITY et al., Respondents. [755 NYS2d 515] —Lahtinen,
J. Appeals (1) from an order of the Supreme Court (Williams,
J.), entered January 24, 2002 in Saratoga County, which denied
plaintiffs' motion for a preliminary injunction, (2) from an or-
der of said court, entered September 5, 2002 in Saratoga
County which, inter alia, granted defendants' motions for sum-
mary judgment dismissing the complaint, and (3) from the
judgment entered thereon.

In May 2001, defendant Clifton Park Water Authority (here-
inafter the Water Authority) and defendant Nextel WIP Lease
Corporation (hereinafter Nextel) executed a lease that, among
other things, permitted Nextel to install telecommunication
antennas on the top of a water tower and supporting equip-
ment at the base of the tower, which is located at 51 Castle
Pines Road in the Town of Clifton Park, Saratoga County. Nex-
tel agreed to pay annual rent commencing at $14,400 and ris-
ing over the course of the 25-year lease to $25,188. Nextel's
site plan for the project was approved by the Town's Planning
Board subject to certain conditions, including that the anten-
nas be placed on the sides of the water tower rather than on
top of it. Thereafter, in November 2001, the Water Authority's
board unanimously approved a resolution adopting an amend-
ment to the lease consistent with the Planning Board's
requirement.

Plaintiffs commenced an action in Federal District Court*
and this action in Supreme Court, Saratoga County, challeng-
ing on various grounds the placement of the antennas on the
water tower. The lawsuit in Supreme Court sought injunctive
relief and a declaration that the lease was legally defective.
Supreme Court denied plaintiffs' request for a preliminary
injunction and subsequently granted motions by the Water
Authority and Nextel for summary judgment dismissing the
complaint. Plaintiffs appeal.

Plaintiffs contend that the Water Authority lacked the power
pursuant to its enabling legislation to execute the lease. Public
Authorities Law title 6-B established the Water Authority and
designated it as a "public benefit corporation" (Public Authori-
ties Law § 1120-c [1]). As such, it was "created to accomplish a

* The federal action has been dismissed (*Mason v O'Brien*, — F Supp 2d —
[ND NY Sept. 30, 2002] and plaintiffs reportedly recently commenced a
CPLR article 78 proceeding in Supreme Court. We also note that the parties
do not assert that the current state court action is preempted by the Federal
Telecommunications Act (*see Sprint Spectrum L.P. v Mills*, 283 F3d 404, 417;
*see also* 47 USC § 332).

specific purpose or mission and [is] endowed with the freedom and flexibility necessary to achieve that mission" (*Matter of Levy v City Commn. on Human Rights*, 85 NY2d 740, 745; *see Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v New York State Thruway Auth.*, 5 NY2d 420). A public benefit corporation is authorized to act in accordance with the powers enumerated in and necessarily implicated by its enabling statutes (*see Matter of R.A. Bronson, Inc. v Franklin Correctional Facility*, 255 AD2d 723, 724-725; *cf. Matter of City of New York v State of New York Commn. on Cable Tel.*, 47 NY2d 89, 92).

Review of the Water Authority's enabling legislation reveals that it has been afforded considerable discretion with its many enumerated powers including, among others, acquiring property, managing the property, improving its property, entering contracts and managing its financial affairs (*see* Public Authorities Law §§ 1120-d, 1120-e). The lease to Nextel involved permitting an entity providing a public service (*see Matter of Cellular Tel. Co. v Rosenberg*, 82 NY2d 364) access to a small portion of the Water Authority's property in return for consideration that would contribute to the maintenance of water facilities within its district. In light of the statutory autonomy afforded to the Water Authority regarding its property and the public purpose served by the lease, we are unconvinced that the Water Authority exceeded its powers by entering into the limited lease with Nextel.

Plaintiffs conceded at oral argument that they could not prevail on their further contention that the lease was not properly approved by the Water Authority. Indeed, the record reflects that the Water Authority authorized the lease and the amendment thereto through its designated agent and by the action of its board.

Plaintiffs' assertion that the lease violated the public trust doctrine is meritless since the relevant property—a portion of sides of a water tower and a small plot at the base of the tower—does not implicate the type of property to which such doctrine applies (*see generally Idaho v Coeur d'Alene Tribe of Idaho*, 521 US 261, 283; *Phillips Petroleum Co. v Mississippi*, 484 US 469, 479; *Adirondack League Club v Sierra Club*, 201 AD2d 225, 232, *mod* 92 NY2d 591; *Smith v State of New York*, 153 AD2d 737, 739-740). Furthermore, although Nextel is a private entity, the lease serves a public purpose and, thus, we find no merit in plaintiffs' additional argument that the lease was an improper lease of public property to a private entity (*see Port Chester Yacht Club v Village of Port Chester*, 123

AD2d 852, 853; *Sprint Spectrum L.P. v Mills*, 65 F Supp 2d 148, 154-155, *revd in part on other grounds* 283 F3d 404; *see also Matter of Altona Citizens Comm. v Town of Altona*, 54 NY2d 908; *Murphy v Erie County*, 28 NY2d 80, 88). The remaining arguments have been considered and found unpersuasive.

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the orders and judgment are affirmed, without costs.