# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**649**

**CA 13-00580**

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

RUTH A. SHATZEL, AS ADMINISTRATRIX OF THE ESTATE
OF RUTH RAYNAK, DECEASED, PLAINTIFF-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

152 BUFFALO STREET, LTD., DEFENDANT-APPELLANT.

---

COHEN & LOMBARDO, P.C., BUFFALO (JONATHAN D. COX OF COUNSEL), FOR
DEFENDANT-APPELLANT.

PAUL WILLIAM BELTZ, P.C., BUFFALO (WILLIAM A. QUINLAN OF COUNSEL), FOR
PLAINTIFF-RESPONDENT.

---------------------------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Diane Y.
Devlin, J.), entered June 19, 2012. The order, insofar as appealed
from, denied the motion of defendant for summary judgment and granted
that part of the cross motion of plaintiff seeking partial summary
judgment against defendant on the issue of negligence.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the cross motion in its
entirety and as modified the order is affirmed without costs.

Memorandum: In this negligence action, plaintiff seeks damages
for injuries allegedly sustained by 81-year-old Ruth Raynak when she
tripped and fell on an allegedly defective sidewalk abutting property
owned by defendant. According to plaintiff, the sidewalk slabs of
concrete were uneven, thus posing a tripping hazzard. Following
discovery, defendant moved for summary judgment dismissing the
complaint against it, contending that it had no duty to maintain or
repair the sidewalk, and plaintiff cross-moved for, inter alia,
partial summary judgment against defendant on the issue of negligence.
As relevant to this appeal, Supreme Court denied defendant's motion
and granted that part of the cross motion with respect to defendant.
We modify the order by denying the cross motion in its entirety.

With respect to defendant's motion, "it is well established that,
as an abutting landowner, [defendant] is not liable for injuries
sustained as the result of a defect in the sidewalk unless[, inter
alia,] . . . there is a local ordinance charging [defendant] with the
duty to maintain and repair the sidewalk and imposing liability for
injuries resulting from [defendant's] failure to do so" (*Guadagno v
City of Niagara Falls*, 38 AD3d 1310, 1311; *see Hausser v Giunta*, 88
NY2d 449, 452-453). Here, in opposition to the motion, plaintiff

submitted relevant portions of the General Code of the Village of Hamburg (Village), which charges landowners such as defendant with the duty to "repair, keep safe and maintain any sidewalk abutting [the landowner's] premises," and imposes liability on the landowner "for any injury or damage by reason of omission or failure to repair, keep safe, and maintain such sidewalk" (Village of Hamburg General Code § 203-26 [B]; *see* § 203-28 [A] [2]).

We conclude that, by submitting that local ordinance, plaintiff raised an issue of fact whether defendant breached the duty imposed on it to maintain the sidewalk abutting its property. Although defendant contends that the alleged defect in the sidewalk was created by a tree root that it had no authority to disturb because it originated from a tree on property owned and maintained by the Village, we note that the local ordinance contains no exceptions to the duty imposed on abutting landowners to maintain the sidewalk, even if the allegedly dangerous condition was created by a root extending from Village property. In any event, it cannot be said as a matter of law that defendant could not have repaired the alleged defect in the sidewalk without cutting the tree root that purportedly created it (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

We agree with defendant, however, that the court erred in granting that part of plaintiff's cross motion for partial summary judgment on the issue of negligence against defendant, and we therefore modify the order accordingly. "Generally, a sidewalk defect presents an issue of fact for a jury . . . , unless . . . the defect is so trivial as to warrant disposition [in defendant's favor] on summary judgment" (*Herrera v City of New York*, 262 AD2d 120, 120; *see Trincere v County of Suffolk*, 90 NY2d 976, 977-978). Here, we cannot conclude that the alleged defect, as depicted in photographs included in the record, is of such significance that defendant may be held liable as a matter of law (*see generally Davison v City of Buffalo*, 96 AD3d 1516, 1517-1518).

Entered:  June 19, 2015                          Frances E. Cafarell
                                                 Clerk of the Court