Waller v Town of Brookhaven (2024 NY Slip Op 00206)

Waller v Town of Brookhaven

2024 NY Slip Op 00206

Decided on January 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2020-03721
 (Index No. 623966/19)

[*1]Russell Waller, et al., appellants, 
v
Town of Brookhaven, et al., defendants, Mount Sinai Yacht Club, Inc., respondent.

Smith, Finkelstein, Lundberg, Isler and Yakaboski, LLP, Riverhead, NY (Christopher B. Abbott of counsel), for appellants.
Jeffrey B. Hulse, Sound Beach, NY, for respondent.

DECISION & ORDER
In an action, inter alia, to permanently enjoin the defendants Town of Brookhaven and Town Board of the Town of Brookhaven from leasing certain real property to the defendant Mount Sinai Yacht Club, Inc., and for related declaratory relief, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Joseph A. Santorelli, J.), dated April 21, 2020. The order granted the motion of the defendant Mount Sinai Yacht Club, Inc., for summary judgment dismissing the amended complaint and, in effect, for declarations in its favor.
ORDERED that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, making appropriate declarations in accordance herewith.
In 1975, the Trustees of the defendant Town of Brookhaven purchased certain real property (hereinafter the subject property) which had been leased by the prior owners of the subject property to the defendant Mount Sinai Yacht Club, Inc. (hereinafter the Club), a nonprofit membership corporation. The purchase was made pursuant to a stipulation between the Town, the Club, and the prior owners, settling a condemnation proceeding. The subject property, situated on a larger parcel known as Cedar Beach, was then leased by the Town to the Club, for continued use as a private yacht club, open on a nondiscriminatory basis, to residents of the Town and others. Cedar Beach also contains, among other things, a public beach, a tiki bar, a boat yard, a fishing station, a bird sanctuary, and a Town-operated marina.
In contemplation of the impending expiration of the latest lease between the Town and the Club, the plaintiff Russell Waller proposed, on behalf of the plaintiff Mount Sinai Harbor Marina, LLC, to lease the property from the Town so as to construct and operate, inter alia, a two-story restaurant on the premises. The Club also submitted an offer to lease the premises for the same use it had been making of the subject property since before 1975. After a public hearing, the Town resolved to accept the Club's lease offer.
The plaintiffs, Waller, Mount Sinai Marina, LLC, and two Town residents and taxpayers, then commenced this action, inter alia, to permanently enjoin the Town from leasing the [*2]property to the Club for use as a private yacht club, and for a judgment declaring, in effect, that such lease was prohibited as the subject property was impressed with a public trust. The plaintiffs additionally alleged, in effect, that the Town's determination to accept the Club's lease offer as opposed to Waller's offer was arbitrary and capricious and constituted municipal waste in violation of General Municipal Law § 51. The Club moved for summary judgment dismissing the amended complaint and, in effect, for declarations in its favor. By order dated April 21, 2020, the Supreme Court granted the motion. The plaintiffs appeal.
"[A] municipality, without specific legislative sanction, may not permit property acquired or held by it for public use to be wholly or partly diverted to a possession or use exclusively private" (Lake George Steamboat Co. v Blais, 30 NY2d 48, 51; see Kenny v Bd. of Trustees of Inc. Vil. of Garden City, 289 AD2d 534). Thus, "[w]hether [the municipality] can devote any part of its property even temporarily to a private use depends entirely upon the capacity in which it holds title" (Kenny v Bd. of Trustees of Inc. Vil. of Garden City, 289 AD2d at 534 [internal quotation marks omitted]).
Here, the Club demonstrated, prima facie, that the subject property was not impressed with a public trust. Contrary to the plaintiffs' contention, the language of the 1975 stipulation and deed cannot be interpreted as a conveyance to the Town for public use, particularly given the surrounding circumstances of the transaction and the prompt leasing of the subject property to the Club after the Town's acquisition (see Blankman v Inc. Vil. of Sands Point, 249 AD2d 349; cf. Lake George Steamboat Co. v Blais, 30 NY2d 48, 50-51). Furthermore, the Club demonstrated, prima facie, "that the subject property was never utilized for, or dedicated to, any public use," such that no public trust was created by implication (Blankman v Inc. Vil. of Sands Point, 249 AD2d at 350; see Coney Is. Boardwalk Community Gardens v City of New York, 172 AD3d 1366, 1368). In opposition, the plaintiffs failed to raise a triable issue of fact.
The Supreme Court also correctly determined that the Town's acceptance of the Club's lease offer, as opposed to Waller's lease offer, was not arbitrary and capricious, and did not constitute municipal waste in violation of General Municipal Law § 51. Where the transaction at issue is a lease, as opposed to a sale, "the monetary return, although a proper factor, need not be considered as the sole factor" (Matter of Yeshiva of Spring Val., Inc. v Bd. of Educ. of E. Ramapo Cent. School Dist., 132 AD2d 27). Here, the record contains evidence amply demonstrating the existence of a rational basis for the Town's determination to accept the Club's offer to lease the premises, which did not involve further development of the parcel, for a rate only marginally less than that offered by Waller (see Matter of Goldfarb v Ramapo, 167 AD3d 1009, 1011). Moreover, the record demonstrated that the determination to accept the Club's offer did not constitute "waste of public property in the sense that [it] represent[ed] a use of public property or funds for entirely illegal purposes" (Godfrey v Spano, 13 NY3d 358, 373; Tilcon New York, Inc. v Town of New Windsor, 172 AD3d 942, 946).
The plaintiffs' remaining contentions are without merit.
Since this is, in part, a declaratory judgment action, we remit the matter to the Supreme Court, Suffolk County, for the entry of a judgment, inter alia, declaring that the Town is not prohibited from leasing the subject property to the Club, for the proposed use as a private yacht club, open on a nondiscriminatory basis, to residents of the Town and others (see Lanza v Wagner, 11 NY2d 317, 334).
CONNOLLY, J.P., IANNACCI, WOOTEN and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court