| Rosales v City of New York |
|:---:|
| **Rosales v City of New York** |
| 2025 NY Slip Op 30717(U) |
| March 4, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 158970/2019 |
| Judge: Hasa A. Kingo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:     **HON. HASA A. KINGO**

*Justice*

------------------------------------------------------------------------------X

MIRSA ROSALES

Plaintiff,

- v -

THE CITY OF NEW YORK,

Defendant.

------------------------------------------------------------------------------X

PART                05M

INDEX NO.            158970/2019

MOTION DATE            N/A

MOTION SEQ. NO.          001

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39

were read on this motion for                    SUMMARY JUDGMENT                    .

Defendant, THE CITY OF NEW YORK (the "City"), moves for summary judgment pursuant to CPLR § 3212, seeking dismissal of all claims and cross-claims against it on the grounds that, pursuant to § 7-201 of the Administrative Code of the City of New York, the City lacked prior written notice of the alleged defect. Defendant further contends that no triable issue of fact exists as to whether the City affirmatively created the defect through an act of negligence. Plaintiff, MIRSA ROSALES ("Plaintiff"), opposes the motion, asserting that material issues of fact exist regarding the City's notice and alleged negligence in the creation of the dangerous condition.

## PROCEDURAL HISTORY

Plaintiff commenced this action by filing a summons and complaint on or about September 16, 2019. The City timely joined issue by serving its answer on October 4, 2019. Plaintiff subsequently served a verified bill of particulars on January 27, 2020, detailing her allegations against the City. Discovery proceeded, including Plaintiff's deposition on July 29, 2021, where she provided testimony regarding the alleged incident. On July 3, 2024, Plaintiff filed a Note of Issue and Certificate of Readiness, certifying that all discovery had been completed. The City then filed the instant motion for summary judgment on October 1, 2024, arguing that it lacked prior written notice of the alleged defect and did not affirmatively create the hazardous condition.

## BACKGROUND AND ARGUMENTS

Plaintiff alleges that on November 19, 2018, she was caused to trip and fall on a defective portion of the roadway located in front of the African Burial Ground National Monument at 290 Broadway, New York, New York. Plaintiff attributes her fall to a "defective, broken, upraised, depressed, uneven portion of the street." Plaintiff's deposition testimony indicates that she was crossing the street when she encountered an area she described as "scraped off" and "under construction."

**158970/2019   ROSALES, MIRSA vs. CITY OF NEW YORK**
**Motion No.  001**

**Page 1 of 4**

1 of 4

[* 1]

In support of its motion, the City submitted the results of two Department of Transportation ("DOT") roadway searches for records regarding the subject location. These searches revealed multiple DOT records, including seventy-eight (78) permits, four (4) Corrective Action Requests ("CARs"), six (6) Notices of Violation ("NOVs"), forty-three (43) inspections, and three (3) Big Apple Maps. The City contends that none of these records establish prior written notice of the alleged defective roadway condition.

Plaintiff, however, argues that these records, particularly the NOVs and CARs, demonstrate that the City was aware of ongoing issues at the location and failed to adequately address them. Plaintiff asserts that unresolved violations and repeated inspections indicate that the City had at least constructive notice of the defect and failed to act within a reasonable time to correct the condition. Plaintiff further contends that the City's failure to remedy the issue after multiple recorded complaints contributed to the hazardous condition and resulted in her injury.

## DISCUSSION

A motion for summary judgment "shall be granted if, upon all the papers and proofs submitted, the cause of action or defense shall be established sufficiently to warrant the court as a matter of law in directing judgment in favor of any party" (CPLR § 3212[b]). The movant bears the "heavy" burden of demonstrating that there are no material issues of fact in dispute and that it is entitled to judgment as a matter of law (*Dallas-Stephenson v Waisman*, 39 AD3d 303, 306 [1st Dept 2007]). Facts must be viewed in the light most favorable to the non-moving party (*William J. Jenack Estate Appraisers & Auctioneers, Inc. v Rabizadeh*, 22 NY3d 470, 475 [2013]). Upon such a showing, the burden shifts to the non-movant to demonstrate the existence of material factual disputes requiring a trial (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

New York City Administrative Code § 7-201(c) ("the Pothole Law") provides that "[n]o civil action shall be maintained against the city for damage to property or injury to person... unless it appears that written notice of the defective, unsafe, dangerous or obstructed condition was actually given to the commissioner of transportation or any person or department authorized by the commissioner to receive such notice."

The Court of Appeals has repeatedly held that compliance with this statute is a condition precedent to maintaining an action against the City (*see Katz v City of New York*, 87 NY2d 241, 243 [1995]; *Amabile v City of Buffalo*, 93 NY2d 471, 474 [1999]). Prior written notice laws are strictly construed and cannot be satisfied by allegations of general knowledge or constructive notice (*Poirier v City of Schenectady*, 85 NY2d 310, 314-315 [1995]).

Here, the City has established, prima facie, that it did not receive prior written notice of the defect. The DOT searches revealed no maintenance records, repair orders, or written complaints regarding the precise defect alleged by Plaintiff. The Big Apple Map for the area does not depict a roadway depression or similar defect at the precise location of Plaintiff's fall. Further, courts have consistently held that permits issued for street work, complaints regarding nearby but distinct locations, and general DOT inspections do not satisfy the statutory requirement of prior written

158970/2019   ROSALES, MIRSA vs. CITY OF NEW YORK
Motion No.  001

Page 2 of 4

[* 2]

notice (*see Belmonte v Metropolitan Life Ins. Co.*, 304 AD2d 471, 472 [1st Dept 2003]; *DeSilva v City of New York*, 15 AD3d 252, 253 [1st Dept 2005]).

Plaintiff's reliance on the existence of multiple CARs and NOVs fails to raise a triable issue of fact, as these records pertain to general roadway maintenance rather than the specific defect at issue. New York courts have consistently rejected attempts to impute prior written notice based on broad records of municipal activity absent proof that the City was specifically alerted to the precise hazardous condition alleged (*see D'Onofrio v City of New York*, 11 NY3d 581, 585 [2008]). Mere assertions that complaints were filed regarding unrelated defects or nearby locations do not satisfy the statutory requirement (*see Laing v City of New York*, 71 NY2d 912 [1988]).

Additionally, Plaintiff has failed to provide evidence establishing that the City had actual knowledge of the specific depression in the roadway. Plaintiff's expert opinion, which is based on general observations of the alleged defect's persistence, is speculative and insufficient to rebut the City's prima facie showing (*see Polanco v City of New York*, 244 AD2d 322 [2d Dept 1997]). The assertion that the defect must have existed for a substantial period does not establish prior written notice absent proof that the City received official notification (*see Katz*, 87 NY2d at 243, *supra*). The City's unrebutted evidence demonstrates that there was no recorded notice of a roadway depression at the subject location within the relevant statutory period.

Accordingly, Plaintiff has failed to raise a genuine issue of material fact, and her opposition relies on conjecture rather than legally sufficient proof. As such, Plaintiff's claims cannot survive summary judgment, and the City's motion must be granted.

Where, as here, the City demonstrates a lack of prior written notice, the burden shifts to the plaintiff to establish an applicable exception to the rule. One such exception is the "affirmative negligence" exception, which applies when the City, through an affirmative act of negligence, "immediately results in the existence of a dangerous condition" (*Yarborough v City of New York*, 10 NY3d 726, 728 [2008]).

Plaintiff argues that the City affirmatively created the defect through street construction activity. However, there is no evidence that the City itself conducted the work in question or that any work was performed in an improper manner. The DOT records show that the relevant permits were issued to private entities, and there is no indication that the City directly engaged in any work at the subject location within a timeframe that would satisfy the "immediate creation" standard set forth in *Oboler v City of New York*, 8 NY3d 888 (2007). Further, Plaintiff's contention that the City allowed a hazardous condition to develop over time is insufficient to invoke the affirmative negligence exception (*see Yarborough*, 10 NY3d at 728, *supra*).

For the reasons stated above, the City has met its burden of establishing that it lacked prior written notice of the alleged defect and that it did not affirmatively create the hazardous condition. Plaintiff has failed to raise any material issue of fact requiring trial.

Accordingly, it is hereby:

158970/2019   ROSALES, MIRSA vs. CITY OF NEW YORK                                    Page 3 of 4
Motion No.  001

3 of 4

[* 3]

ORDERED, that Defendant THE CITY OF NEW YORK's motion for summary judgment is GRANTED, and the complaint and all cross-claims against it are DISMISSED in their entirety; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of Defendant THE CITY OF NEW YORK and dismissing this case in its entirety, accordingly.

This constitutes the decision and order of the court.

**3/4/2025**
**DATE**

2025030412245HKINGO0D6770X3C14F4B879935424A5C496BB

**HASA A. KINGO, J.S.C.**

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

158970/2019   ROSALES, MIRSA vs. CITY OF NEW YORK
Motion No.  001

Page 4 of 4

4 of 4

[* 4]